## E. J. BOWERS vs. ROBERT E. ANDREWS et al.

1. DEEDS: *Ambiguities thereof. Patent or latent.*

Whether an ambiguity is patent or latent must be tested by the language of the instrument. Until that question is settled all other inquiries are precluded. In the determination of this fundamental question the court can neither know, nor inquire into, the intention of the parties. It must confine itself to the document itself, or to such other documents as are referred to by it. When the mere perusal of the instrument shows plainly that something more must be added before the reader can determine which of several things is meant by it, the rule is inflexible that no evidence can be admitted to supply the deficiency. Such ambiguity is *patent,* and extrinsic evidence cannot help it.

Although it may in such case be possible to show to a moral certainty what the maker of the instrument, as matter of fact, intended, rather than what he had expressed, the evidence is not admissible except in a proceeding in chancery to reform the instrument for mistake.

3. EXTRINSIC EVIDENCE: *When admissible. Extent thereof.*

Extrinsic evidence is admissible to show to which of several subjects a description applicable to each was intended to apply, but not to bring a particular thing under a description not applicable to it. Whenever extrinsic evidence is admissible a court will not stop until all means of ascertaining the meaning and application of the instrument are exhausted.

3. SAME: *Tax collector's deed.*

The deed of a tax collector, who sells *in invitum* by virtue of power conferred by law, must in itself be sufficient to convey the thing sold. It cannot be reformed so as to help out a defective description. There is no *aggregatio mentium* which the instrument has mistaken.

4. DEED: *Description of land. Tax sale. Case in judgment.*

The language of the deed offered as evidence and excluded is this: "I, R. J. Ross, tax collector of Madison county, have this day, according to law, sold the following lands, there being no other property on which to levy or make the taxes due on said land, to wit, *lot and residence in Madison Station*, for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871," etc. *Held*, that the description of the land is insufficient, and that the deed is void for uncertainty, and parol evidence is inadmissible to help it out.

ERROR to the Circuit Court of *Madison* County.

Hon. W. B. CUNNINGHAM, Judge.

This case is quite fully stated in the opinion of the court.

The errors assigned are substantially as follows:

1. The court erred in sustaining defendant's objection to plaintiff's reading in evidence the sheriff and tax collector's deed, and in refusing said deed to be read in evidence.

2. In excluding the testimony of J. W. Jinkins.

3. In refusing to allow in evidence the assessment roll.

4. In refusing to permit the tax collector's deed to be read in evidence when offered in connection with the assessment roll.

5. In rejecting the testimony of R. J. Ross.

6. In excluding the testimony of plaintiff offered as a witness.

*A. H. Handy*, for plaintiff in error:

1. To give effect to the deed it was only necessary to show *what was the lot and residence of Thomas McMahon*. The

description of the premises was sufficiently plain and certain in its terms, and it was only necessary; to make it effectual to convey a complete title to the grantee, to show *what lot and residence were intended to be conveyed,* and to that end it was proper, in the first place, to offer the deed in evidence. No objection to it on the ground that the *locality of Madison Station* did not appear was maintainable. Peacher *v.* Strass, 47 Miss., 362, 363, 364; Hanna *v.* Renfroe, 32 ib., 125. See, also, Dixon *v.* Cook, 47 ib., 220, 225. The deed itself here offered was admissible, *in the first instance,* to lay the foundation for the testimony subsequently offered to show what was the "*lot and residence in Madison Station, of Thomas McMahon,*" intended to be conveyed by the deed, and in what *state and county "Madison Station" was located.*

For the purpose of this proof to support the deed the plaintiff offered Jinkins as a witness to prove that in 1871 Thomas McMahon was in possession of house and lot in Madison Station, Madison county, in this state, and that he was in possession of it at the time of the tax collector's sale mentioned in the deed, and *occupied the same as his residence.*

Plaintiff offered R. J. Ross as a witness to prove that he was sheriff and tax collector of said county in 1871 and 1872, and that on January 8, 1872, he sold a lot and residence of Thomas McMahon, in Madison Station, in said county; that he then sold but one lot and residence of said McMahon, in said Madison Station, and that said McMahon was the reputed owner of only one lot and residence in Madison Station, in the year 1871, according to the assessment roll.

2. It is clearly a case of *latent ambiguity.* The distinction between such a case and one of *patent ambiguity* is well defined. See Broom's Leg. Max. (5th Am. ed.), 421 (top); Whitworth *v.* Harris, 40 Miss., 488; 2 Phillips on Ev. (9th ed.), 314; Wigram on Ext. Ev. (3d ed.), 66; Tucker *v.* Field, 51 Miss., 191; Brown *v.* Gwice, 46 ib., 303.

*John Handy,* for defendant in error:

The town "lot and residence in Madison Station" do not

make known any particular lot and residence, any more than do the words "a piece of property on the corner of Main and Pearl streets, city of Natchez, county of Adams, state of Mississippi." Holmes v. Evans, 48 Miss., 257; McGuire v. Stewart, 42 ib., 724. The proof offered is equally uncertain. See record and assessment roll on file.

The testimony of the witness was properly excluded, and we think that the exclusion of the roll was also proper, and we rely upon Gwice v. Brown, 48 Miss., 290; Hanna v. Renfroe, 32 ib., 125; Holmes v. Evans, 46 ib., 257.

The authorities referred to by plaintiff in error do not conflict with those cited by us. The case of Foute v. Fairman turned upon the doctrine of equitable relief against mistake.

In Tucker v. Field, 51 Miss., 191, the description could be aided by parol. In Hanna v. Renfroe, 32 Miss., and Strauss v. Peacher, 47 Miss., the county and state were omitted, but there was something in the deed in both cases by which the description could be rendered certain. In Dixon v. Cook the deed omitted township and range, but there was a contemporaneous bond for title which described the lands very fully. In Haylip v. Noland the land was sufficiently described, says Judge SHARKEY.

In Taney v. Batchell, 9 Gill., 205, the description was, "a farm on which is a grist-mill, and saw-mill, and milling apparatus, containing 320 acres." Held void for uncertainty, although parol proof of what was intended by the description was offered and excluded. So in Wyman v. Gill, 6 Gill, 66, the description was, "all that part of 'range declined' lying adjoining the turnpike." It was held insufficient because the courses and distances of the land sold cannot be known from the agreement itself, or from anything referred to.

A strong analogy is found in the case of Brown v. Gwice. The tax collector in that case sold a "part of section 18, in township 7, range 2, east, containing 200 acres, for the taxes due on said land for the year 1863." It was held to be a case of patent ambiguity. In the case at bar the deed is manifestly

uncertain. We think it refers to nothing extrinsic by which that ambiguity can, consistently with the rules of law, be removed.

There is a reference to the fact that the property was assessed to the "reputed owner," but the reference is too general, vague, and indistinct to authorize the introduction of the assessment roll, and if not, then the roll would not help the matter, because the roll itself is uncertain, as we have shown. See Jackson v. Delaney, 13 Johns., 535; Jackson v. Striker, 1 Johns. Ch., 284; Mason v. White, 11 Barb., 173; Dyke v. Lewis, 4 Denio, 237; Peck v. Malony, 10 N. Y., 509; Green v. Lunt, 58 Me., 15; 9 Texas, 408; 13 Johns., 97.

SIMRALL, C. J., delivered the opinion of the court.

The single question presented by the record is whether the deed offered in evidence by the plaintiff was admissible.

The objection taken to it was that it was void for uncertainty in the description of the property.

The premises are as follows: "R. J. Ross, tax collector of Madison county, has this day sold the following lands, to wit, lot and residence in Madison Station, for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871."

The officer, in making the sale, was acting in virtue of statutory power. His proceeding was in invitum. The words "for the taxes assessed," etc., are used rather to state the reason and authority for the act than as descriptive of the thing sold.

Every conveyance of land must define its identity or fix its locality. That may be done in two modes. The first is by so complete a description in the deed itself as points directly to the subject-matter; or, second, by referring to something aliunde the deed, which, when consulted, indicates the property. If the contract is void by reason of the subject-matter, parol evidence is not admissible to supply the omission. Wilkinson v. Davis, adm'r, Freem. Ch., 58. In a sense it is

true in every case that parol testimony must carry the descriptive words of the deed, and apply them to the land. Yet these words must contain such particularity in themselves as will guide to the premises, or they must point to some extrinsic fact by means of which the requisite certainty is obtained.

This is well illustrated by the case of Swazie v. McCrossin, 13 S. & M., 320. The description was "412 acres of all of a certain tract purchased by Bernard McCrossin from the United States, containing 1,020 arpents," then giving the boundaries by abuttals on lands of adjacent proprietors. This deed was held void for the patent ambiguity, because it was impossible from the face of the deed to know upon what part of the whole tract the 412 acres should be located, nor was any extraneous fact referred to, by aid of which the ambiguity could be removed.

But the deed may refer to some other document or fact which, when looked to, will supply ample certainty of description. Of many such cases we refer to the following: "All that farm * * * in Washington on which the grantor then lived, containing 100 acres, with his dwelling house and barn thereon." Worthington v. Hyler, 4 Mass., 196. "A certain tract called Beaver Dam." Hatch v. Hatch, 2 Hayw., 52. "The home farm on which the grantor lives." Doolitte v. Bleakly, 4 Day, 265. "An estate purchased of A, or a farm occupied by B." 1 Merivale, 653. See, also, Tallman v. Franklin, 14 N. Y., 589; 1 Phillips (N. C.), 466. In each of these cases the grantor directed attention to some outside fact, as the name of the farm, or some other deed, or the occupancy of himself or some other person, inquiry into which would identify the premises sold.

Let us take this principle and apply it to the tax collector's deed. First, does the deed locate the premises? If it does not, is reference made to something extrinsic by which the identity can be ascertained?

The premises purported to be conveyed are "lot and residence in Madison Station." We have no information of the square, or number, or size. The words may fit twenty or

more " lots or residences" quite as well as the one sued for.. The idea of a mere house or factory is excluded.

The words are wholly indefinite. They do not point to the lot and residence of Thomas McMahon, or of any other person,. or premises occupied by him. There may be many residences in Madison Station. The descriptive words do not single out which one was meant. In this respect it is like Holmes *v.* Evans, 48 Miss., 250. There the description was "a piece of' property on the corner of Main and Pearl streets, Natchez." The description equally applied to four pieces of property, but. the writing pointed to no fact *aliunde* from which it could be determined which of the four was intended to be sold. If it. had been competent to go into the inquiry, as an independent fact, of what property the vendor intended to sell, it doubtless, would have been easy of proof; but it is not admissible by direct evidence to prove the intention, but it is admissible by such testimony to apply the terms of the deed. McGuire *v.* Stephens, 42 Miss., 751.

If it were competent to go into the question of intention,. no matter how barren the deed might be of description of the thing sold, in perhaps every conventional sale it could be proved what particular property the parties meant.

After the deed had been rejected the plaintiff read in evi-- dence the assessment roll, and then reoffered the deed, which was again excluded. But this document showed nothing more than " lot and residence" assessed to Thomas McMahon, but, how located does not appear.

Testimony was then offered that he owned the lot and residence described in the declaration, and no other. This was also ruled out. The offer was not to apply the words used in the deed to particular premises, and thereby identify them, but to introduce new and independent circumstances, and thus. prove that the property sold was the same sued for. The deed of a tax collector who sells *in invitum*, by virtue of power conferred by law, must in itself be sufficient to convey the; thing sold.

The deed cannot be reformed so as to help out a defective· description.    There is no "*aggregatio mentium*" which the· instrument has mistaken.

But where parties negotiate a sale of· property each has· definitely in view the particular property.   If, from vague and indefinite description, the deed should be inoperative, there is a. clear right to have it so remodeled as to make it an effectual assurance.   So that in no case of merit could wrong be done, if parties pursue their remedies.

We concur with the circuit court in its rulings, remarking that the question is not altogether free of embarrassment and difficulty.

Judgment affirmed.[1]

Per CHALMERS, J.

I concur in both the reasoning and judgment announced by my associates in this case, and am led to add a few words of my own by reason of the unusually careful consideration which we have all bestowed upon it, and because the language of the conveyance in question presents, in a shape somewhat difficult, a question always more or less troublesome.

It is easy to say that an ambiguity which is apparent upon the face of an instrument cannot be explained by extrinsic testimony, while one that arises by reason of intrinsic facts may, by proof of further extrinsic facts, be removed, and yet no rule has been found more difficult of application.   I cannot but think that much of the difficulty has grown out of a struggle· by the courts to rid themselves of the fetters of the rule in cases where justice in the particular case seemed to require it. Certainly many of the adjudged cases work a practical abolition of the prohibition against the reception of extrinsic testimony· in cases of patent ambiguity.   Whether an ambiguity is patent·

[1] NOTE.—The foregoing opinion was read, on the first consideration of the case,. as the judgment of the court.   I adopt it on the reconsideration as my separate· opinion.—SIMRALL.

or latent must be tested by the language of the instrument. Until that question is settled all other inquiries are precluded.

In the determination of this primary and fundamental question the court can neither know, nor inquire into, the situation or intention of the parties. It must confine itself to the document itself, or to such other documents and circumstances as are referred to by it. Thus, a deed to "a lot" or to "the lot" is void, but a deed to a lot set forth in some other paper or proceeding referred to, or located in a clearly defined manner, or designated by name or number, is good. So also a conveyance of "my residence" is good, because the fact of ownership and possession is referred to by the use of the possessive pronoun, and the property is thus made susceptible of identification. If it should turn out that I owned more than one residence, then, inasmuch as the uncertainty thereby produced would spring from this extrinsic fact, other extrinsic facts may be adduced to show which residence is intended. But if there be a manifest uncertainty in the instrument, and no fact or proceeding or other instrument is referred to, the conveyance is necessarily void.

The result is the same where such reference is made if an application to the circumstances or document referred to still leaves the matter uncertain, because the inquiry must cease with the thing referred to unless it in turn refers to something else.

The question, therefore, of what was the intention or the situation of the parties or of the property can never be inquired into if a perusal of the document in question, and a reference to all the other documents or circumstances referred to by it, leaves a palpable uncertainty as to what has been conveyed.

Let us apply this rule to the conveyance in question. The only words in it which can properly be considered as descriptive of the thing conveyed are, "lot and residence in Madison Station." Manifestly these words are void for uncertainty.

The uncertainty is patent, and nothing else is referred to by which they can be explained. The full sentence is, "lot and residence in Madison Station, for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871." It is not the "lot and residence of Thomas McMahon," nor "the lot and residence of the reputed owner, Thomas McMahon." If so, parol proof would be admissible to identify the lot and residence of Thomas McMahon, or of which Thomas McMahon was the reputed owner. All the words which follow "Madison Station" are descriptive of the reason why the property was sold, and not of the property itself. But if we consider the setting forth of this reason as amounting to a reference to the tax assessment of the year 1871, it only authorizes us to refer to the assessment roll of the county for that year, and when that is examined the case is in nowise improved, because upon it the only words found are the self-same words, "lot and residence in Madison Station." No other document or circumstance being referred to, either in the deed or in the assessment roll, and the ambiguity still remaining patent, it was manifestly proper to reject the parol testimony offered for identifying the lot, consisting as it did of proof as to what lot and residence in Madison Station it was which was owned by Thomas McMahon, and which had been sold by the tax collector as his property.

CAMPBELL J., delivered the opinion of the court.

The language of the deed offered as evidence, and excluded, is this, viz: "I, R. J. Ross, tax collector of Madison county, have this day, according to law, sold the following lands, there being no other property on which to levy and make the taxes due on said lands, to wit, *lot and residence in Madison Station*, for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871," etc. The question is whether that deed presents a patent ambiguity as to the description of the thing sold, and is therefore void. The question is not whether parol evidence will remove all doubt or uncertainty

as to the thing intended to be conveyed, but whether such evidence shall be admitted at all. Uncertainty or ambiguity which arises from extrinsic facts when the instrument is sought to be applied may be removed by like means. If a perusal of the instrument suggests no ambiguity, but, in the application of it to persons or things, uncertainty arises as to who or what was intended, it may always be shown by extrinsic evidence what person or thing suiting the description in the instrument was intended.

The declaration of Lord Bacon, that a "*patent* ambiguity is never holpen by averment," has been often qualified and much restricted in modern times, it is true, but none will deny that *when the mere perusal of this instrument shows plainly that something more must be added before the reader can determine which of several things is meant by it, the rule is inflexible that no evidence can be admitted to supply the deficiency.*

Whenever extrinsic evidence is admissible a court will not stop until all means of ascertaining the meaning and application of the instrument are exhausted; but when the ambiguity is *patent* within the definition above given, extrinsic evidence cannot help it, and although it may in such case be possible by such evidence to show to a moral certainty what the maker of the instrument, as matter of fact, had intended, rather than what he had expressed, the evidence is not admissible except in a proceeding in chancery to reform the instrument for mistake.

Extrinsic evidence is admissible to show to which of several subjects a description applicable to each was intended to apply, but not to bring a particular thing under a description not applicable to it.

The characteristic of all the cases in which parol evidence is declared admissible to apply written instruments is that the words of the instrument do describe the object or subject intended, and the evidence only enables the court to reject one of the objects or subjects to which the description applies, and to determine which the maker intended.

We have announced familiar doctrine and need not cite authorities. Our own reports furnish illustrations of the rules we have here stated. An examination of the decisions they contain induces the belief that they have established rules for the admissibility of extrinsic evidence quite as liberal as is consistent with the current of authorities and sound policy.

The law applicable to the case under consideration is well settled, but the difficulty is in the application of it. Is the deed ambiguous on its face? The only descriptive words in it of the thing conveyed are "lot and residence in Madison Station." The words "for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871," are not descriptive of the thing sold, but expressive of the reason for the sale. If the words used were "lot and residence of Thomas McMahon in Madison Station," or equivalent words, no doubt would be entertained of the admissibility of evidence to apply the deed, by showing which was the lot and residence in Madison Station of Thomas McMahon, for then the deed would refer to extrinsic facts which could be resorted to to complete the description of the thing sold. We have carefully examined all the authorities cited by counsel for plaintiff in error, and many others, and, although fully imbued with the spirit of the maxims *ut res magis valeat quam pereat*, and *certum est quod certum reddi potest*, cannot resist the conviction announced on the first consideration of this case, that the deed presents *ambiguitas patens*, and was properly excluded from the evidence.