P. H. HAUGHTON v. MRS. M. E. SARTOR.

1. DESCRIPTION.   *Patent ambiguity.   Definition.*

Where a mere perusal of an instrument shows that the description used can have no effect unless aided by extrinsic evidence, that something must be added before it can be determined which of several things be meant, the ambiguity is patent, and cannot be aided by parol evidence. *Bowers* v. *Andrews*, 52 Miss., 596.

2. SAME.   *Number of range.   Blank.   Patent ambiguity.*

"The following tract or parcel of land in Monroe county, Mississippi, better known as the south half of section seven, township fifteen, range — west; also the east half of the south-east quarter of section twelve, township fifteen, range nineteen west, containing in all four hundred acres, more or less," is a void description as to the land in section seven; the number of the range cannot be shown by extrinsic proof. *Foute* v. *Fairman*, 48 Miss., 536, overruled.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

The exact description of the land in the instrument referred to in the opinion is this: "The following tract or parcel of land, lying or being in Monroe county, state of Mississippi, and better known as the south (S. $\frac{1}{2}$) of section seven (7), township fifteen, range — west; also the east half (E. $\frac{1}{2}$) of the south-east quarter (S. E. $\frac{1}{4}$) of section twelve (12), township fifteen (15), range nineteen (19) west, containing in all four hundred acres, more or less." Judgment for defendant; plaintiff appeals. The opinion contains a further statement of the case.

*E. O. Sykes* and *W. H. Clifton*, for appellant.

The ambiguity in the description of the land is latent, and parol testimony should have been allowed to identify the subject-matter of the grant. The description is good as far as it goes, and conveys a south half of one of the several

sections 7, township 15, in Monroe county. "Extrinsic evidence is admissible to show to which of several subjects a description applicable to each was intended to apply, but not to bring a particular thing under a description not applicable to it." *Bowers* v. *Andrews*, 52 Miss., 596. When a grant applies indifferently to several subjects, it may be proved by parol which was meant. *Foute* v. *Fairman*, 48 Miss., 536. In the case last cited, the township and range were both omitted, yet the court held the ambiguity to be latent; and so where both county and state were omitted in the description. *Peacher* v. *Strauss*, 47 Miss., 353. See also *Hazlip* v. *Noland*, 6 Smed. & M:, 294.

*E. H. Bristow*, for appellee.

The ambiguity in the description is patent. If parol testimony is admissible to supply the range, it is admissible to supply also the township and the section. If this is not a patent ambiguity, it is impossible to conceive what is. When the mere perusal of the instrument shows plainly that something more must be added before the reader can determine which of several things be meant by it, the ambiguity is patent, and cannot be cured by parol evidence. *Bowers* v. *Andrews*, 52 Miss., 596. See also *Hazlip* v. *Noland*, 6 Smed. & M., 294; *McGuire* v. *Stevens*, 42 Miss., 724; *Brown* v. *Guice*, 46 *Ib.*, 299. The description employed in the deed is not that of any half-section that ever was surveyed. The court, as a matter of law, must hold that no tract of land is described. The ambiguity is discoverable on the face of the instrument, and this is the proper test. *Hanna* v. *Renfro*, 32 Miss., 125.

As to the power to supply, by evidence, blanks in descriptions, see 2 Parsons on Con., 563; 5 Bing., 425; 8 *Ib.*, 244; 3 Atk., 257. The omission of any reference to the range is a very different thing from a blank left where the number of the range should be. The former simply omits, while the latter calls attention to the omission. I submit that the language of the opinion in *Foute* v. *Fairman*, relied on by

appellee, is dictum.. Besides, the real question was as to the power of the chancery court to correct the mistake· in a deed so as to conform to and carry out the intention of the parties. Whether the ambiguity was latent or patent was not really involved. *Cummings* v. *Steele*, 54 Miss., 647.

*Houston & Sykes*, on the same side.

The uncertainty in the description arises from the language of the instrument itself. It is therefore patent, and cannot be explained by parol proof. 8 Co. Lit., 155, a. As offered, the deed did not conform to the declaration, and, as the court of law was powerless to reform the instrument, it was properly excluded.

*Geo. C. Paine*, on the same side,

In support of the contention that the ambiguity is patent and the defect incurable, cited 6 Smed. & M., 301; 42 Miss., 731; 52 *Ib.*, 596.

COOPER, J., delivered the opinion of the court.

The appellant sued the appellee upon an instrument in writing which he contends is a contract to convey lands to ·him, and which appellee contends is itself a conveyance. The instrument recites that the appellee had that day sold to appellant certain lands at a price to be thereafter paid. The lands sold are described in the instrument as the " south half (S. ½) of section seven (7), township fifteen (15), range — west; also the east half (E. ½) of the south-east quarter (S. E. ¼) of section twelve (12), township fifteen (15), range nineteen (19) west," in Monroe county. Upon this instrument being offered in evidence, the defendant objected to so much thereof as related to the land in section seven, upon the ground that as to such land there was a patent and incurable ambiguity, in that the range in which the land was located was not named therein. The plaintiff stated to the court that in connection with said instrument he proposed to

prove by parol that the said land was actually located in range eighteen west, as was known, understood and intended by the plaintiff and defendant at the time of the purchase, and that the word "eighteen" was omitted after the word "range" by accident and mistake.

The court ruled that the ambiguity was patent, and could not be aided by proof. Whereupon the plaintiff dismissed so much of his action as related to the other lands, and as to the remainder of his suit there was a jury and verdict for the defendant. It will thus be seen that the single question for decision is whether the ambiguity in the instrument is patent or latent. There is much learning upon the subject of latent and patent ambiguities to be found in the books. But for the decision of this court in *Foute* v. *Fairman*, 48 Miss., 536, we would, we think, be safe in saying that no case could be found in which an ambiguity of the character here shown had ever been held to be latent. In that case the omission was of both the township and range, and yet the ambiguity was held to be latent, and not a patent one. In delivering the opinion of the court, Judge Simrall said : " We know that there are several tracts of land in Copiah county to which the descriptive words equally apply. It requires, therefore, if the deed shall take effect at all, that extrinsic evidence shall be employed to identify what particular lands were meant. This is a latent ambiguity, which is made to appear by extrinsic evidence." It will be noted that the learned judge appreciated the fact that *from the mere inspection of the deed* the ambiguity appeared, or, in other words, that it lay on the face of the instrument, which, as he correctly stated, could have no effect at all unless aided by extrinsic evidence. And yet this test, which, under all the authorities, is held to discover a patent ambiguity, was accepted as that of an *ambiguitas latens.*

In *Bowers* v. *Andrews*, 52 Miss., 596, all the judges delivered opinions in which the question was fully discussed. Judge Simrall was then a member of the court, but neither in his

opinion nor those of the other judges was any reference made to the case of *Foute* v. *Fairman.* That it was virtually overruled by *Bowers* v. *Andrews*, is evident from the language of Campbell, J., in which it is said: "But none will deny that when the mere perusal of the instrument shows plainly that something more must be added before the reader can determine which of several things is meant by it, the rule is inflexible that no evidence can be admitted to supply the deficiency." It would have been well for the court to have declared in the latter case that *Foute* v. *Fairman* was not the law, and was overruled, but such was the necessary result, and it is now expressly announced. The ambiguity in the instrument here sued on was clearly a patent one, and the court below correctly so ruled.

*The judgment is affirmed.*