### E. J. BOWERS v. WILLIAM CHAMBERS ET AL.

1. TAX-COLLECTOR'S CONVEYANCE. *Seal unnecessary.*
   A conveyance by a tax-collector in the precise form given by Code 1871, § 1700, is not incompetent as evidence in ejectment, because of the want of a seal, scroll or any impression intended as a seal, the statute not requiring a seal.

2. DEED. *Description of subject-matter. Certainty.*
   The description in a tax-collector's conveyance, "14 A's off N. E. cor. E. ½, S. E. ¼, sec. 20," &c., and "13 A's off N. end, W. ½, S. W. ¼, lying N. of road, sec. 21," &c., is certain enough, and the conveyance is not void because of that description.

3. SUPREME COURT. *Practice. New point. Objection to evidence not made below.*
   In an ejectment suit, where a deed in the plaintiff's chain of title is void on its face for ambiguity, the failure to assign this as a specific objection to it when offered (the deed having been excluded on another ground) will not preclude the consideration of that objection in the Supreme Court, at the instance of the defendant in error, on whose motion the deed was excluded in the court below.

ERROR to the Circuit Court of Madison County.

Hon. W. B. CUNNINGHAM, Judge.

Ejectment by E. J. Bowers against the defendants for a par-

cel of land in Madison County. Pleas by Chambers, the defend-
ant, tenant, and E. Virden, his landlord, "not guilty." Jury,
verdict and judgment for the defendants, and a motion by the
plaintiff for a new trial overruled, and exception taken.

A special bill of exceptions was taken on the trial, which
shows that the plaintiff offered in evidence, before the court
and jury, the following conveyance : —

"STATE OF MISSISSIPPI, }
   "Madison County,      } ss.

"I, R. J. Ross, tax-collector of Madison County, have this day,
according to law, sold the following lands, there being no other
property on which to levy and make the taxes due on said lands, to
wit, 14 A's off N. E. cor. E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, sec. 20; S. $\frac{1}{2}$, W. $\frac{1}{2}$, N. W. $\frac{1}{4}$,
and 13 A's off N. end, W. $\frac{1}{2}$, S. W. $\frac{1}{4}$, lying N. of road, sec. 21, all in
T. 9, R. 3 E., for the taxes assessed to the reputed owner thereof,
M. L. Dinkins, for the year 1871, when E. J. Bowers became the
best bidder at the sum of $109.40. I therefore sell and convey said
land to E. J. Bowers, his heirs and assigns for ever.

"Given under my hand the eighth day of January, A.D. 1872.

"R. J. ROSS, *Tax-Collector*."

The conveyance had been duly acknowledged and recorded.

In connection with said conveyance, the plaintiff also offered
in evidence the bond of the tax-collector, Ross, executed and
duly approved by the board of county supervisors, and the
admission of the defendants that said Ross was acting as
sheriff and tax-collector of said county at the date of said sale
and conveyance.

Thereupon the defendants objected to the reading of said
conveyance in evidence, on the ground that it was not exe-
cuted under the seal of said Ross, which objection was by
the court sustained ; and said conveyance was not allowed to
be read in evidence, to which ruling the plaintiff excepted.

Verdict and judgment being for the defendants, the plaintiff
brought the case here, and assigns for error, —

1. That the court excluded the evidence of the tax-col-
lector's deed offered by the plaintiff on the trial.

2. That the court overruled the plaintiff's motion for a new
trial.

*A. H. Handy*, for the plaintiff in error.

The conveyance in writing, duly signed, acknowledged and recorded, made in the mode and form prescribed by Code 1871, § 1700, by the tax-collector, was admissible in evidence in this action by the purchaser under such conveyance, against parties in possession of the land, to show title in the purchaser. The statute prescribing a form and requiring no seal, none was necessary. 5 How. (Miss.) 298; 2 S. & M. 215; 8 S. & M. 711; Potter's Dwarris on Statutes, 272, 273; *Churchill* v. *Crease*, 5 Bing. 180, 492, 493.

*John Handy*, for the defendants in error.

1. That the legislature, by the use of the word " convey-ance," in § 1700, Code 1871, meant a *deed* of conveyance, is manifest from the other sections of the Code referring to the instrument, and calling it a " deed." §§ 1703, 2309. Throughout the whole of chapter 52, " in relation to land," the words " conveyance " and " deed " are interchangeably used. Compare §§ 2286, 2287, 2292, 2301, 2302, 2304, 2306, 2309, 2310, 2311.

2. As to the omission of the word " seal " in the form given in the Code, while we admit that " a thing given in particu-lar shall not be tolled by general words," the rule applies only where the particular intention is incompatible with the general intention. Potter's Dwarris, 273. But where, by a com-parison of all the parts of a general system of laws relating to the same subject-matter, the particular and the general provi-sions of the law can be made to harmonize, they will be so construed that all may stand, and no part of the law fail. Potter's Dwarris, 189; *Grand Gulf Bank* v. *Archer*, 8 S. & M. 151; *Brewer* v. *Brougher*, 14 Pet. 178.

3. Tested by the rules of construction laid down in the foregoing authorities, it will appear that the legislature never intended to place tax-collectors' deeds on a different footing from other deeds in respect to *sealing*. The intention of such deeds is to *pass the title;* but § 2302 provides " no estate " shall pass " unless the conveyance be declared by writing *sealed* and delivered." Tax deeds shall be acknowledged and recorded (§ 2309) as other deeds. But the form of acknowledgment prerequisite to recording provided by the

Code is "that the grantor *sealed* the instrument." §§ 2310, 2311.

4. In looking for the legislative intent, we naturally inquire to what end was the tax-collector's deed made to differ from the sheriff's deed, the commissioner's deed and every officer's deed? Not for brevity, because it requires the addition of a monosyllable only. The entire body of the common and statute law prior to the Code requires all conveyances of land to be under seal, and with this single exception the same is true of the Code of 1871. Why make the solitary exception a tax-collector's deed? and why indicate that exception in only one section of the revenue law?

5. The history of our legislation on the subject of seals at once explains how the apparent exception occurred, and shows the legislative intent that there should be no exception at all. The Code of 1871, as reported by the codifiers, abolished the distinction between sealed and unsealed instruments, and did away with seals entirely. But in adopting the Code the legislature reinserted the seals. In this one section the reinsertion failed to be made, no doubt through mere inadvertence. The history of legislation, as known to the court, affords proper and important aid in the interpretation of statutes. *Pagaud* v. *State*, 5 S. & M. 491.

6. Originally livery of seisin was essential to a conveyance of land. This has been so far modified by statute that the most solemn form of contract, a deed under seal, acknowledged and recorded, can be used for the same purpose. Further innovation should be made with great caution. The common law is the key to unlock the windows of a statute. The latter must be construed with reference to the principles of the former, so that innovations upon that which is recognized as the perfection of reason will never be indulged, unless the legislative intent thereunto be unmistakable. Potter's Dwarris, 185.

*T. J. & F. A. R. Wharton*, on the same side.

We maintain that the court below properly excluded the paper offered as a deed from the tax-collector to the plaintiff in error, because no seal was affixed to it.

The position of counsel for the plaintiff in error is that the

Code of 1871, § 1700, does not require that officer to make a *deed* to the purchaser of lands sold for taxes, but a *conveyance*, and that the latter term is applied to that instrument whenever it is referred to in the Code, thus differing from the Code of 1857, treating of the same subject. It is also urged that the formula given in the Code of 1857 concludes with the words, " Given under my hand and *seal*," &c., whilst that in the Code of 1871 is " given under my *hand*," omitting the word " seal." In 2 Jac. Law Dic., *conveyance* means " a deed which passes or conveys land from one man to another." Again, he says, " a lease and release held to be a good conveyance to pass an estate." The most common conveyances now in use are deeds of gift, bargain and sale, lease and release, fines and recoveries, settlements to uses, all of which require seals ; and the same is true of all examples given by him under the head " conveyance." 1 Bouv. Law Dic. 361. " Conveyance is the transfer of the title of land from one person to another . . . the instrument for effecting the transfer." Conveyancer, " one whose business it is to draw deeds of conveyance of lands for others." See also 2 Bouv. Inst. (new ed.) 2426. Webster says it means " the act of transmitting or transferring titles, &c., from one to another person."

We submit that the terms are synonymous, as used in both Codes. Admit for the sake of argument that the term " conveyance " is used all through chap. 22 of the Code of 1871, from which the formula is taken, and we find that such conveyances, if the land is not redeemed· in the time specified, are " to be recorded in the record book of conveyances." Now, chap. 52, art. 4, same Code, relating to conveyances of land, directs what instruments shall be recorded, when and where, and the form of acknowledgment. Sect. 2302 declares that no estate of inheritance or freehold in lands, &c., shall be conveyed from one to another, unless the conveyance be in writing, and sealed and delivered ; nor shall such conveyance be good, unless the same be acknowledged by the grantor " that he signed, sealed and delivered," &c., " and a certificate of such acknowledgment shall be written upon or under the said deed or conveyance," " and every deed or conveyance, so acknowledged," &c., shall be recorded. Covenants in consideration of marriage shall be

recorded in the same manner that conveyances of property are required to be acknowledged and recorded. § 2303. All bargains and sales and other conveyances whatsoever of lands, to be recorded in same manner as other conveyances, &c. § 2304. Every conveyance, &c., and other deed, except deeds of trust and mortgages, which shall be acknowledged, shall be recorded, &c. § 2306. " And all other conveyances . . . and deeds not acknowledged shall take effect." " No deed or conveyance of land, nor any deed to personalty, shall be recorded unless acknowledged, and the acknowledgment certified by an officer competent to take the same, in the manner directed by this chapter." § 2307. " Any deed or conveyance recorded without being so acknowledged shall not be notice," &c.

" Conveyances by commissioners and sheriffs for lands sold under any decree or judgment of any court shall pass the interest of the defendant in such decree." " If any sheriff or commissioner omit to make such deed, whilst in office, his successor may make a proper deed of conveyance," &c. § 2309. " And in case any tax-collecter fail to make a deed for lands sold by him for taxes, the board of supervisors may order his successor to make a deed to the purchaser " (§ 2309), using the same words, " deed," " conveyance," interchangeably. The clerk is authorized to record no instrument unless acknowledged. There is but one form of acknowledgment, viz., " acknowledged that he signed, sealed and delivered," &c. That very form was pursued in this case : " Personally appeared before me, G. S. Jeffrey, clerk, &c., of Chancery Court, R. J. Ross, tax-collector of said county, who acknowledged that he signed, sealed and delivered the foregoing deed," &c. Again, § 2312, " Where a party (non-resident) executes any conveyance or deed for land in this state," &c. The chap. 52, quoted from, using said terms as synonymous, is *in pari materia* with chap. 22, § 1700, from which the form of deed or conveyance in this case was taken. The acknowledgment in this case was untrue. He did not sign, seal, &c. The instrument was required by law to be recorded to vest title in the grantor. It could not be recorded unless acknowledged in a particular way, but that form of acknowledgment falsified the execution of the deed, which shows no seal on its face.

*Harris & George*, on the same side.

1. The description of two parcels of the land in the conveyance is void for uncertainty. Blackwell on Tax Titles, 381 *et seq.*

2. Necessarily, and as shown by the deed, all the land was sold together. Code 1871, § 1697 *et seq.*

3. The sale being an entirety, and void in part, is void *in toto.* Blackwell on Tax Titles, 280, 281.

4. The land properly described in the deed was sold not only for the taxes due on it, but also for the taxes due on the other, and the whole sale is therefore void.

*A. H. Handy*, in reply.

1. The only ground of objection to the deed in the lower court, when offered in evidence, was that it did not have a seal. A new ground cannot be raised in this court for the first time. *Monk* v. *Horne*, 38 Miss. 100.

2. The description of the land in the tax-collector's conveyance is certain enough. It is clear the description is such that the two parcels said to be ambiguously described can readily be located by survey and measurement.

CAMPBELL, J., delivered the opinion of the court.

This case presents the question whether a conveyance by a tax-collector, on the 8th January, 1872, in the precise form given by § 1700 of the Code, was properly rejected as evidence in ejectment, because of the want of a seal, scroll or any impression intended as a seal.

We answer that question in the negative. When the legislature has prescribed a form, it cannot be error to adopt it. " In giving a form we must suppose every thing included which was intended to be required." " It was given expressly to prevent errors; it cannot therefore be error to follow it." *McIntyre* v. *White*, 5 How. (Miss.) 298, cited and approved in *Amos* v. *Allnutt*, 2 S. & M. 215, and in *Proskey* v. *West*, 8 S. & M. 711. This rule must apply to every subject the legislature has the right to regulate.

Sect. 1698 of the Code, which prescribes the duty of the tax-collector, says, " He shall execute *conveyances* to individuals purchasing lands at such sales, and he shall . . . file with

the said clerk separate lists of the lands sold to the State, . . . and said list of lands sold to the State shall be in lieu of convey-ances, and shall vest title in the State to all land embraced in said lists." Prior to the Code of 1871 deeds were required to be executed by tax-collectors to individuals and the State. The Code of 1871 manifests a purpose to dispense with deeds, and to substitute a conveyance for individuals and a list for the State, as means of vesting title ; and as " public revenue " is a special subject, the particular provisions applicable to it are independent of the general subject of " an act in relation to land " (chapter 52 of the Code, p. 499), except in so far as any of the provisions of the latter are referred to and adopted by the former. The argument drawn from the form of acknowledgment as prescribed, which employs the words " signed, *sealed* and delivered," fails to impress us as it does counsel, because this is a comprehensive formula made to cover all cases, including sealed and unsealed instruments, and it is certain that the statute has provided for recording a " writ-ten contract " in relation to land " in the same manner as deeds for land." § 2307, Code.

The acknowledgment of having " signed, sealed and deliv-ered " is exactly applicable to deeds. It is more than suffi-cient for a written contract or conveyance, without seal, but is the only form prescribed, and is good for instruments with-out seal, on the maxim *omne major minus continet*, and *utile per inutile non vitiatur*.

The fact that the term " deed " is used in §§ 1703 and 2309, in reference to the conveyance of land sold at tax sale, shows carelessness in the use of language, but cannot operate to change the express provisions of § 1698, above mentioned, and of § 1700, which prescribes the form of " conveyances made by a tax-collector," and declares the effect of such con-veyances, when made as directed.

The history of the Code as to seals alluded to by counsel supports our view. The fact that the Code, as proposed, dis-pensed with seals, except as to courts and corporations, and that the legislature rejected this feature, and was careful to retain seals generally, but with this in view not only omitted to require deeds or seals for conveyances by tax-collectors to individuals or the State, indicates conclusively, as we think, a

studied distinction between these conveyances and others. *Expressio unius, exclusio alterius.*

Another question urged by counsel as arising on the face of the conveyance of the tax-collector offered as evidence is as to the description of two subdivisions of the land sold and conveyed. The argument is that the deed shows a sale of these two subdivisions, one of thirteen and one of fourteen acres, in connection with a larger tract, and that the sale was void as to the two subdivisions, and being void as to part, was void as to all. The description is, " 14 A's off N. E. cor. E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, sec. 20," &c., and " 13 A's off N. end, W. $\frac{1}{2}$, S. W. $\frac{1}{4}$, lying N. of road, sec. 21," &c. It is well settled, and not denied by counsel, that well-known abbreviations may be used in conveyances, and are sufficient; but the objection assumed to exist and to be fatal in this conveyance is, that " 14 acres off of the north-east corner of an eighth " of a section described, and " 13 acres off of the north end of an eighth," do not describe the land with sufficient certainty. We consider the description certain enough. It is easy to lay thirteen acres off of the end of an eighth of a section, and fourteen acres off of the north-east corner of an eighth. In the former, the whole boundary line north or south, as the designation may be the one or the other end, is to be considered the base line of the tract, and the quantity laid out by survey across the eighth. In the latter the given " corner is a base point from which two sides of the land conveyed shall extend an equal distance, so as to include, by parallel lines, the quantity conveyed." From this point the section lines extend south and west, so as to fix the boundary north and east; the southern and western boundaries only are to be established by construction, and the rule referred to gives them with sufficient certainty. *Walsh* v. *Ringer*, 2 Ohio, 327.

If the deed was void on its face for ambiguity, this being an incurable defect, the failure to assign this as a specific objection to it, when offered, would not preclude the consideration of the objection here, but we do not see any valid objection to the deed on this ground.

> *The judgment is reversed, verdict set aside, and cause remanded.*