### JOHN C. HOLMES *v.* M. E. McGEE.

EJECTMENT. *Improvements. Bona fide purchaser. Section 2512, Code of 1880, construed.*

A defendant in ejectment, who at the time he purchased and made improvements on the land in controversy knew all the facts about an outstanding valid title, but in good faith mistook the law in reference thereto, is not such a *bona fide* purchaser as to entitle him to compensation for such improvements under § 2512, Code of 1880, which provides that no defendant in ejectment shall be entitled to compensation for improvements "unless he shall claim the premises under some deed or contract of purchase made or acquired in good faith."

APPEAL from the Circuit Court of Winston County.

HON. W. M. ROGERS, Judge.

In 1863 Francis M. McGee died, leaving a widow and three children, two of whom have since died unmarried. In 1879 Mrs. McGee, the widow, died. Before her death Mrs. McGee, claiming the land now in controversy only as widow of her deceased husband, sold the same to one Loyd, who went into possession, and in 1875 executed a deed of trust on the land to the firm of Constantine & Co. This firm was afterward dissolved, and one Tyson, as the agent of his wife, who was a member of the firm of Constantine & Co., entered into possession of the land, claiming under

the deed of trust executed by Loyd. After Tyson had gone into possession, the land was sold for the taxes of 1874, and purchased by the State, and in 1880 Tyson purchased the same from the auditor of public accounts, and in 1882 sold it to the defendant, Holmes. On December 13, 1884, Martha Eliza McGee, born in 1859, sole surviving heir of Francis M. McGee, deceased, brought an action of ejectment against Holmes to recover possession of this land. On the trial the issue was found for the defendant, and the plaintiff appealed to this court. On the hearing here, the cause was reversed and remanded for the reasons set out in *McGee* v. *Holmes*, 63 Miss. 50. On the second trial, from which this appeal is taken, substantially the same facts were shown as in the first instance, but the defendant claimed that he was entitled to judgment for the amount expended by him in improvements and taxes. The plaintiff waived all claim for rents. The court instructed the jury to find for the plaintiff, which was done, and the defendant appealed.

On the trial the defendant, Holmes, testified that he had lived for forty-five years within two miles of the land in controversy; that he had been well acquainted with McGee and knew that he had lived on the land several years; that he knew the youngest child was two or three years of age before the war; that he supposed that it was F. M. McGee's land and not Mrs. McGee's land; that he knew that McGee died at the siege of Vicksburg, and that a few years after the war the widow sold the land to Loyd; that he did not know when Tyson got possession of the land; that, knowing the ages of the children, he supposed the tax-title was good; that before he purchased from Tyson he received a letter from W. D. McGee offering to sell him the land for one hundred dollars and make him a good title thereto; that he naturally supposed that W. D. McGee was acting for the McGee heirs; and that none of the improvements were made before receiving this letter.

The court below excluded all evidence in relation to the value of the improvements.

*Charles Richardson,* for the appellant.

That Holmes claimed the premises under a deed of purchase acquired in good faith there can be no doubt.

He knew nothing as to the ownership of the fee. He knew nothing of the nature of the conveyances between the widow and Loyd, nor between the Loyds and the firm of Constantine & Co. He knew nothing of the existence of those conditions which might preclude him from asserting his tax-title against the heirs.

The court below acted on the assumption that a knowledge on the part of Holmes of any outstanding title whatever would preclude him from claiming the value of improvements. This view was expressly repudiated in *Cole* v. *Johnson.* It is true that a knowledge of a *better title* will defeat a claim for improvements, for such a knowledge is inconsistent with good faith. He may know of a title which as a matter of fact may be a better title, but this will not be sufficient. He must have *knowledge of its superiority.*

Holmes acted in good faith. Hence he is entitled to *improvements, redemption money,* and taxes, without regard to any defect in his title. *Cole* v. *Johnson,* 53 Miss. 100; *Weaver* v. *Norwood,* 59 Miss. 671; *Harrison* v. *Harrison,* 56 Miss. 178 ; *Emrick* v. *Ireland,* 55 Miss. 399 ; *Pass* v. *McLendon,* 62 Miss. 580 ; Code 1871, § 1718.

*Rives & Rives,* for the appellee.

1. The only question involved in this case is whether appellee, the plaintiff in the court below, can recover possession of the land in controversy, and whether appellant, defendant in the court below, should be allowed compensation for improvements erected by him on the land.

The first question is *res adjudicata,* this court having already settled that when this case was submitted before. See case of *McGee* v. *Holmes,* 63 Miss. 50.

2. The only other question for consideration is as to appellant's right to compensation for the taxes and improvements.

This court has decided that after the death of Mrs. McGee in 1879, T. S. Tyson and his vendee, Holmes, the appellant in this case, were merely tenants at sufferance to the plaintiff, Martha Eliza McGee, appellee in this cause. Being such, they cannot claim for improvements.

T. S. Tyson being in possession of the land in controversy, enjoying the rents of the same, it was his duty to pay the taxes due thereon.

Nor would appellant, Holmes, be entitled to recover for improvements erected by him because he does come within the provisions of § 2512, Code 1880. See Code 1880, § 2512.

Holmes' testimony shows that before he had erected any improvements on the land he had received a letter from W. D. McGee offering to sell the land to him for one hundred dollars. He knew the ages of the McGee children, and knew that F. M. McGee lived on the land in controversy. He testified also to other facts, which showed his knowledge of the claim of appellee before he erected any improvements.

From his own admissions he had no right to compensation for improvements.

The case of *Cole* v. *Johnson*, 53 Miss. 94, settles beyond dispute what constitutes a *bona fide* purchaser within the meaning of § 2512, Code 1880. See *Cole* v. *Johnson*, 53 Miss. 94.

CAMPBELL, J., delivered the opinion of the court.

That the appellee is entitled to recover the land sued for was settled by the decision of this court on the former appeal in this case. It was then held that the purchase of the land from the State was not available to defeat the title of the appellee, and operated merely as a redemption of the land. There is nothing in the record to change this view.

On his own testimony the appellant was not a *bona fide* holder of the land so as to entitle him to compensation for improvements under § 2512 of the Code of 1880. When he purchased and made the improvements he knew all the facts about the title. True, he thought the tax-title was good and sufficient to defeat the claim of the McGee heirs. In this he was mistaken, and as he knew the facts and mistook the law, the sincerity of his erroneous belief is not sufficient to bring him within *Cole* v. *Johnson*, 53 Miss. 94.

The court rightly instructed the jury to find against the appellant.                                                          *Affirmed.*