ZIUS W. WHEELER *v.* DORSEY M. LYNCH ET AL.

[42 South. Rep., 538.]

1. DESCRIPTION. *Ambiguity. Patent. Tax deed.*

   A description of land in a tax deed as "situated in the county and
   assessed to Betty Lynch, to wit: West part N W ¼ sec. 29, town-
   ship 1, range 8, one hundred and ten (110) acres, more or less,"
   is not void as continuing a patent ambiguity.

2. SAME. *Code* 1892, § 3776.

   In such case, under Code 1892, § 3776, providing that oral testi-
   mony shall be admissible to apply a description of land in a tax
   deed where it will show what land was assessed and sold, it is
   competent to aid the description by the assessment roll and such
   testimony, there being enough in the description to bring it within
   the perview of the statute, if in fact it needs to be aided.

FROM the chancery court of DeSoto county.

HON. JULIAN C. WILSON, Chancellor.

Wheeler, the appellant, was complainant in the court below;
Lynch and another, appellees, were defendants there.    From
a decree dismissing the bill complainant appealed to the su-
preme court.

Appellant filed his bill in chancery in July, 1906, claiming
title to lands sold to him March 7, 1904, for the taxes of
1903.    His tax deed, an exhibit to the bill, described the land
as "situated in the county and assessed to Betty Lynch, to-wit:
West part, northwest ¼, section 29, township I, range 8, one
hundred and ten (110) acres, more or less."    The bill prayed
for confirmation of the tax title and for cancellation of any
claim to the land appellees might assert.    Appellees demurred
to the bill, claiming that there was a patent ambiguity in the
description.    The demurrer being sustained, appellant, by
leave of court, amended his bill by showing that fifty acres
of the quarter-section was owned by and assessed to one Dod-

son, who paid the taxes thereon for the year 1903, which was described as "Fifty acres the east part of the northwest ¼ of section 29, township I, range 8," and that said fifty acres, together with the land in his tax deed, made the total one hundred and sixty acres of land in the quarter-section; and made reference to the county assessment roll, whereon the fifty acres were assessed to Dodson; to Dodson's tax receipt for 1903, and to the list of lands sold for taxes of 1903. This list showed the sale to appellee of land assessed to Betty Lynch, described in the exact words of the tax deed description, with the exception that the words "more or less" were omitted. The amended bill alleged that the words "more or less" in the deed were surplusage; and that if thereby the description was made indefinite, the reference to the assessment roll cured any defect which might be claimed in the description. Appellee again demurred on the same ground, and in addition claimed that the documents referred to in the bill, being extraneous to the deed, could not be invoked in aid of the description.

The demurrer to the amended bill was sustained, and, appellant declining to amend further, the court below dismissed the suit in so far as it sought confirmation of the tax title, retaining it only to adjust the equities between the parties growing out of the payment of taxes by complainant.

*Farley & Lauderdale,* for appellant.

There is no patent ambiguity in the deed, for the land is described therein as the west part of a certain quarter-section, "one hundred and ten acres more or less," and also as land in the county, assessed in 1903 to Betty Lynch. The wording of the deed anterior to the phrase "more or less" shows a definite and complete description, and the latter phrase does not disqualify such description. *Bowers* v. *Chambers,* 53 Miss., 259; *McReady* v. *Lansdale,* 58 Miss., 879; *Enochs* v. *Miller,* 60 Miss., 19; 20 Am. & Eng. Ency. Law (2d ed.), 874. In determining if patent ambiguity exists in descrip-

tion, the words "more or less" should not be construed, but be excluded as surplusage. 20 Pick. (Mass.), 62. In *United States* v. *Fossat,* 20 How. (U. S.), 413, the words, "one league more or less," were held to mean one league, the three last words being treated as surplusage. In *Tierney* v. *Brown,* 65 Miss., 563, the court, in construing two official deeds wherein the one, a tax collector's deed, described the land as "about 225 acres," and the other, the state auditor's, described the same land as "225 acres more or less," held that 225 acres were meant. In *Herring* v. *Moses,* 71 Miss., 620, a tax deed conveying the west part of a section "containing 300 acres, more or less," was held to convey 300 acres taken in a strip of equal width off the west side of the section. The words "more or less" in land descriptions refer merely to small variance in any represented quantity, and their use is merely to restrain the representation to a reasonably small allowance for minute errors in surveys, or in variations in instruments, or as estimated by the parties. *Hodges* v. *Deny,* 86 Ala., 495; *United States* v. *Fossat, supra,* 15 Am. & Eng. Ency. Law (1st ed.), 718. Hence, from the face of the deed, without reference to other sources, the words "more or less" mean nothing, or, at the least, merely such modification of the one hundred and ten acres as might happen by reason of variation of magnetic needle, or from there not being fully one hundred and sixty acres in the quarter-section.

But to aid description, if necessary, reference may, under the wording of the deed, be made to outside documents or facts. The deed recites that the land is "situated in said county and assessed to Betty Lynch." Reference is thus made to the county assessment roll, authenticated copy of which is exhibit to the amended bill; and the assessment roll, showing the land assessed to Bettie Lynch, contains the same description of the land as is shown in the deed, except that the words "more or less" are omitted. But it is contended by appellee

that the assessment roll cannot be looked to in aid of description, and, in support thereof, *Bowers* v. *Andrews,* 52 Miss., 597, and *Cogburn* v. *Hunt,* 54 Miss., 675, are cited.   But these cases were based upon sales made before the common law rule as to exclusion of parol testimony had been changed by the statute enacted in April, 1876, and at present incorporated in Code 1892, § 3776.   Judge CHALMERS, in *Cogburn* v. *Hunt,* 56 Miss., 726, stated that if the sale had taken place under the subsequent enactment of 1876, the decision in the former case (54 Miss., 675) would have been different.   Nor is *Smith* v. *Brothers,* 86 Miss., 241, cited by appellee, in point, for there the description in the tax deed was "Home lot in lot 6," and the court stated that there might be several home lots in lot 6.   Moreover, the court was construing a deed made by a municipal tax collector of a town which was operating under its own charter, and not under Code 1892, ch. 93, and was not entitled to the benefits of sec. 3024 of said code; and hence sec. 3776 of the said code had no application.

*Dodds* v. *Marx,* 63 Miss., 443, is decisive of this case.   See also *Illinois Central Railroad Company* v. *LeBlanc,* 74 Miss., 651, and *Tucker* v. *Field,* 51 Miss., 192.

*Holmes & Holmes,* for appellee.

The tax deed to appellee is a conveyance *in invitum,* and must be strictly construed.   As the ambiguity in the description is patent, it cannot be aided by extrinsic facts or parol evidence.   Brewster on Conveyancing, sec. 76; Tiedeman on Real Property, sec. 827.   In *Haughton* v. *Sartor,* 71 Miss., 357, the court, citing *Bower's* v. *Andrews,* 52 Miss., 596, stated that where a mere perusal of an instrument shows that the description used can have no effect unless aided by extrinsic evidence, that something must be added before it can be determined which of several things be meant, the ambiguity is patent, and cannot be aided by parol evidence.   In *Cogburn* v. *Hunt,* 54 Miss., 675, Judge CAMPBELL cites *Bowers* v. *An-*

*drews, supra,* and states that the statutes relieving against technical requirements in proof of deeds do not relieve against necessity of an accurate description of land conveyed thereby. In *Smith* v. *Brothers,* 86 Miss., 241, the court held that a patent ambiguity in description is not aided by Code 1892, § 3776, providing that a tax deed shall not be invalidated except by proof that the land was not liable for sale.

*Hanna* v. *Parmer,* 56 L. R. A., 93, is similar to this case. There the court held that the tax collector's deed offered in evidence, being void for uncertain description, was not even color of title, citing *Shackelford* v. *Bailey,* 35 Ill., 392; *Allmendinger* v. *McHie,* 189 Ill., 308.

If the deed in question were a warranty deed the court might hold that the words "more or less" following the acreage means "approximately." But a different rule obtains where the grantor conveys in official capacity, and the conveyance is *in invitum.* 20 Am. & Eng. Ency. Law (2d ed.), 877, *et seq.* Moreover, with such a description as is in the tax deed, how can the land be accurately located? No surveyor can, from the description, locate the eastern boundary line of the property purported to be conveyed; not even an accurate point of beginning for his survey could be found. That the deed states that the land was assessed to Betty Lynch does not help matters, because, under the allegations of the amended bill, it cannot be shown what land assessed to her was conveyed.

CALHOON, J., delivered the opinion of the court.

We think the demurrer to the original bill should have been overruled. See the cases cited in the brief of counsel. If this were not true, it is still true that the demurrer to the amended declaration should have been overruled. Ann. Code 1892, § 3776; *Dodds* v. *Marx,* 63 Miss., 445.

*Reversed and remanded, with thirty days to appellee to answer the bill after mandate filed below.*