RANSOM *v.* YOUNG *et al.*

(Division B. June 1, 1936.)

[168 So. 473. No. 32210.]

C. F. Patterson, of Natchez, for appellant.

W. A. Geisenberger, of Natchez, for appellees.

Ethridge, P. J., delivered the opinion of the court.

The appellant, Andrew Ransom, filed a bill in the chancery court to confirm a tax title to certain lands purchased by him at a tax sale of real estate by the sheriff of Adams county on April 24, 1931, for the state and county taxes of 1930. The lands were assessed to Robert Young, but were owned by Robert Young, Daniel Young, and David Young, as tenants in common. The assessment rolls read as follows:

"Name of owner                    Description
"Robert Young                     Part of Deerpark.
Grand total valuation, $1340.00, cultivatable lands 100 acres—valuation excluding buildings and improve-

ments—$940.00—valuation buildings and improvements, $300.00—number of acres uncultivatable land 20 acres— valuation excluding buildings & improvements, $100.00 —total number of acres country lands 120 acres.''

The deed made by the chancery clerk, after the two-year period for redemption had expired, read as follows: ''State of Mississippi, County of Adams.

''Be it known that the tax collector of said county of Adams, did, on the 6th day of April, A. D. 1931, according to law, sell the following land situated in said county and assessed to Robert Young, to-wit; Part of Deerpark, 120 acres, for the taxes assessed thereon for the year, A. D. 1930, when Andrew Ransom became the best bidder therefor, at and for the sum of $28.04; and same not having been redeemed, I, therefore, sell and convey said land to said Andrew Ransom.

''Given under my hand the 12th day of April, A. D. 1933.

''Walter P. Abbott, Chancery Clerk.''

This deed was duly acknowledged and filed for record.

A demurrer was filed to the original bill which was sustained by the court. Thereupon, the appellant asked leave to amend the original bill by alleging that the lands, shown by the record to be one hundred twenty acres, belonged to said persons, and setting forth the chain of title out of the United States. Deerpark is shown to be a large body of land consisting of five tracts, No. 1 of which contains one hundred thirty-eight acres; No. 2 one hundred thirty-eight acres; No. 3 one hundred sixty acres; No. 4 eighty-six acres, and No. 5 one hundred twenty-seven acres. The abstract of title showed what lands belonged to Robert Young and the other defendants. A demurrer was filed to the amended bill and sustained.

It will be readily seen that the lands on the assessment roll did not describe, with any legal certainty, what part of Deerpark was assessed to Robert Young, nor is there any description, either on the assessment

roll, or in the tax deed, that points to any certain or sufficient description. No one can take the assessment roll and tax deed and find a starting point, or any direction or call which would enable a surveyor to locate the lands.

We recently dealt with an improper description of land in the case of Carr v. Barton, 173 Miss. 662, 162 So. 172, wherein we held that due process of law requires a sufficient identification of the property assessed before a lien thereon, or a title thereto, can be acquired. We also held that an insufficient description of land on the assessment roll cannot be aided by extrinsic evidence, and that the name listed under the heading of "owner" could not aid the description.

In the absence of a proper description, or a clue from which a proper description can be certainly traced, the assessment is void and a sale thereunder passes no title.

In the case of Carr v. Barton, supra, we reviewed many cases in this state dealing with assessment rolls and sales of property, and also subsequently in the case of Hatchett et al. v. Thompson (Miss.), 165 So. 110. Taking the announcement in these decisions, and applying same to the assessment and sale in the case at bar, it will be manifest that they were void, and that the chancellor was, therefore, correct in sustaining the demurrer to the amended bill. The judgment of the court below will, accordingly, be affirmed.

Affirmed.