### Brown *et al. v.* Womack.

(Division A.   Feb. 14, 1938.)

[178 So. 785.   No. 33042.]

Percy Bell, of Greenville, for appellants.

Clements & Clements, of Rolling Fork, for appellee.

**McGowen, J.,** delivered the opinion of the court.

On behalf of Charlotte Womack, the appellee, the court below sustained her bill against F. B. Brown, the appellant, canceling his title to certain lands acquired by him from the state by patent; the title of the state thereto being based on the sheriff and tax collector's sale of such land for unpaid taxes.

The appellee was the owner of the north half of section 9, township 12, range 7 west, in the county of Sharkey, state of Mississippi. The lands were sold to the state in August, 1931, by the sheriff and tax collector of Sharkey county.

The following description appears on the list of lands sold to the state for delinquent taxes by the sheriff and tax collector:

"To whom assessed                     When sold
    Charlotte Womack              August 3rd, 1931
Description of land
        Sec.    Tp.    Range            Number of Acres
in      9       12      7                    315''

The assessment roll contained the same description.

The following order was entered on the record of the chancery clerk of the county, "Sale of within described land made void by order of R. D. Moore, Land Commis-

sioner, by approval of Attorney-General, . . . . This 1st day of January, 1936.''

The appellant, Brown, acquired from the state the north half of the north half of said section 9 by a patent duly issued by the proper authority, and undertook to uphold, by parol evidence, the title of the state by showing that this section was assessed as follows on the 1930 assessment roll:

"Emma Lakye.   Southeast Quarter of the Southeast Quarter. 40 acres.

"George T. Harris.   North half of the Southeast Quarter, and the Southwest Quarter of the Southeast Quarter. 122 acres.

"George C. Cortwright, Jr.  The southwest quarter. 160 acres.

"Charlotte Womack in Section 9, Township 12, Range 7.  315 acres.''

It was shown, by a survey, that the foregoing tracts of land, as assessed above, constituted the south half of said section.

The court below excluded the parol evidence; held the patent and the appellant's deed void; and canceled the title of the appellant thereto.

We are of the opinion that the decree of the court below was correct; that the description of the land struck off to the state by the sheriff and tax collector was void; and, consequently, the state had no title thereto vested in it as against the true owner of the land. Herein is a patent ambiguity with no clue in the assessment of this land or in the list of lands sold to the state.

The contention of the appellant is that the state acquired a good title by the above description under section 3151, Code 1930. In Dodds v. Marx, 63 Miss. 443, this court held that the roll must furnish the clue which, when followed by aid of parol testimony, conducts certainly to the land intended. The description on the as-

sessment roll must give the start and suggest the course which, when followed, will point out the land to be assessed. That this clue must be furnished and appear on the list of lands struck off by the sheriff and tax collector to the state, and cannot be supplied merely by the name of the owner to whom the land is assessed, has been clearly announced in Carr v. Barton, 173 Miss. 662, 162 So. 172, which opinion was cited with approval in Ransom v. Young et al., 176 Miss. 194, 168 So. 473.

With reference to the application of the specific section relied on by appellant, Chief Justice Whitfield, in Smith et al. v. Brothers, 86 Miss. 241, 242, 38 So. 353, held that the "assessment roll cannot aid the description in a tax deed when it contains a patent ambiguity." This construction of the statute is not in conflict with the case of Reber v. Dowling, 65 Miss. 259, 3 So. 654, 7 Am. St. Rep. 651. There the description was one lot, southwest corner Pine and Franklin streets. The corner of these two streets was located; therefore, there was a clue, aided by parol evidence, which rendered the description of the land certain.

Nor is there any aid for the appellant in the case of Wheeler v. Lynch, 89 Miss. 157, 42 So. 538, wherein the description was: "West part northwest ¼, section 29, township 1, range 8, one hundred and ten (110) acres, more or less." Judge Calhoon, speaking for the court, held that this description was not a patent ambiguity; the reason being that the west part of the northwest ¼ was a clue by which the land could be laid out on the ground. The clue to the particular land which is the subject of the sale must be found on the assessment roll. Section 3151, Code 1930, never intended to permit the titles to land to roam at large nor that a correct description be found in such an uncertain manner as to permit recourse to the entire assessment of all lands of a county. The clue must be found in the particular assessment.

In the court below the appellee demanded rents from

the appellant for the use and occupation of the land in question, whereupon appellant filed a bill of particulars demanding compensation for the improvements made upon the land. The court below allowed rents for the years 1935, 1936, and 1937 to appellee; offset the rents due her for the years 1935 and 1936 by the improvements placed on the land by the appellant; and held the appellant liable for rent for the year 1937. The evidence was in conflict as to the value of the improvements placed on the land by the appellant, and also as to the quantity of timber cut from the land by him. None of the evidence conformed to the rule set forth in section 1475, Code 1930. Defendant is allowed such compensation for improvements when he claims the premises "under some deed or contract of purchase acquired or made in good faith." Section 1474, Code 1930.

The chancellor evidently adopted the view of the appellee. We cannot say that his view was manifestly wrong. To illustrate: Appellant testified that he had built a dwelling house on the place which cost him $1,500. The evidence shows on behalf of appellee, without conflict, that she notified him on July 29, 1935, he had no title to the land. She demanded possession thereof, directed him to remove therefrom, and at that time, according to her statement, the foundation only of the house in controversy had been laid. On the other hand, appellant does not claim that he had completed the erection of the house when appellee served notice on him. From and after this notice, appellant was a mala fide possessor. See Cole v. Johnson, 53 Miss. 94; Gaines v. Kennedy, 53 Miss. 103. At the time the notice was served on him, it was purely a question of law. The law was against him; and improvements on the lands from that time were made at his peril. Holmes v. McGee, 64 Miss. 129, 8 So. 169.

As to the amount of timber cut, the conflict cannot be harmonized. We are, therefore, of the opinion that we cannot disturb the finding of the chancellor.

Affirmed.