Woods *v.* Linder *et al.*

(Division B. Feb. 15, 1943.)

[11 So. (2d) 900. No. 35209.]

John Horan, of Water Valley, for appellant.

L. C. Andrews, of Oxford, for appellees.

Alexander, J., delivered the opinion of the court.

Complainant Woods filed his bill to remove cloud from and confirm the title to certain lands in Lafayette County. By mutual concessions of counsel, the controversy has been restricted to a tract lying in the south half of the southeast quarter of section 31, Township 8, Range 3 West, in said county. Several bases for complainant's claim were contested and argued at length. These include the alleged purpose of compainant's grantor to

convey the land in question, adverse possession and a tax patent to complainant. The trial court brushed aside the last mentioned muniment of title as void for ambiguity, and held that the complainant had failed to show clear title in himself and dismissed the bill.

We do not find that the tax patent to complainant is to be so lightly regarded. The validity of the sale to the state and of its patent is not questioned save as to that part of its description as involves the lands in dispute. Such description is as follows: "S. Fr. SE¼, 33 Acres" followed by the proper sectional designation. We are of the opinion that such abbreviation desinates without ambiguity a strip of land along the south of such quarter section having the south line as its base and extending north between the east and west lines of the quarter section such distance as will comprise 33 acres. In Bowers v. Chambers, 53 Miss. 259, the description was "14 A's off N.E. Cor. E.½ S.E.¼" etc. and "13 A's off N. end, W.½ S.W.¼, lying N. of road"; in McCready v. Lansdale, 58 Miss. 877, the description was "E. p't, S.W.¼; sec. 38, T. 1, R. 1 W.—20 acres"; in Enochs v. Miller, 60 Miss. 19, it read "107 acres in the south part of south-east quarter" etc.; in Wheeler v. Lynch, 89 Miss. 157, 42 So. 538, "West part northwest ¼, section 29, township 1, range 8, one hundred and ten (110) acres, more or less." In all of these cases the descriptions were held valid, free from ambiguity, and readily ascertainable.

It is unnecessary therefore to examine the other questions presented by the record. It is noted that although other lands were sufficiently shown to belong to complainant, his bill was dismissed. We see no reason why he should not have been granted a decree to this extent in any event. It is our view that the tax patent from the state to complainant conveyed its title to 33 acres in the south portion of the southeast quarter of section 31, township 8, range 3, Lafayette County. However, an agreement filed by counsel concedes that a portion of such tract lying at its west end belongs to appellee D. R.

Linder. In view of certain discrepancies as to acreage which still remain and the propriety for remanding the cause so that the parties may conform the decree to their agreement and this opinion, we do not enter decree here.

Reversed and remanded.