SMITH, Justice.
This is an appeal by J. Roland Weston and Joe B. Burrow, complainants below, from a decree of the Chancery Court of Hancock County, declining to cancel, as a cloud upon appellants’ title to a ten-acre tract of land, the claim of appellee, A. G. Dantagnan, which he asserts under a tax deed.
Weston and Burrow, appellants, filed a bill in the Chancery Court of Hancock County for the confirmation of, and for the removal of clouds from, their title to ten acres of land in Hancock County described in the bill as:
Commencing at the Northeast corner of Section 15, T. 9, S. R. 16 West; thence running West 1320 feet to a point as a place of beginning; thence West 660 feet to a point; thence South 660 feet to a point; thence East 660 feet to a point; thence North 660 feet to the place of beginning, and being located in Section 15, Township 9, S. R. 16 West;
*390 Appellee Dantagnan and others were made defendants to the bill. This appeal involves only the claim of Dantagnan.
In the bill, appellants deraigned their title from the original government grant down to their deed from Ruth Delavoir on June 30, 1964. This deed corrected the description contained in a former deed from Ruth Delavoir in 1957 in which the land was incorrectly described. Appellants also alleged and proved adverse possession of the land in question by themselves and their predecessors in title for approximately forty years, and this was not disputed.
Dantagnan’s claim, which appellants sought to cancel as a cloud upon their title, is based upon a sale of land for delinquent taxes for the year 1958.
It was stipulated by the parties at the trial that title to the property sought to be confirmed was vested in appellants’ grant- or, Ruth Delavoir, and that the controversy here is limited to events subsequent thereto.
The assessments relevant to the issue in this case, as they appear upon the land assessment rolls of Hancock County for the year 1958, are as follows :
Line 32; Owner, Minerva Byrd; Description, Pt. l-W-360; S. T. R., 15-9-16; Assessed Value, 40; No. acres, 7; Value land only, 40; No. acres country lands taxable, 7; Levee School & Road Dist., 40.
Line 33; Owner, Joe B. Burrows; Description, Pt. 2-L-2 263; S. T. R., 15-9-16; Assessed Value, 60; No. acres, 10; Value land only, 60; No. acres country lands taxable, 10; Levee School & Road Dist., 60. (Emphasis added.)
Appellants assert that the assessment of their ten-acre tract as lying in “Pt. 2” was error, and resulted and was carried forward from the same error made in the original deed from Ruth Delavoir, and should have read, “Pt. 1.” It is not disputed that appellants did pay taxes upon a ten-acre tract which they owned in Section 15, including the taxes for the year 1958. It is not suggested that they owned or claimed more than one such tract in that section.
There is no proof that Minerva Byrd owned any land in Section 15 in 1958.
The seven-acre tract assessed to Minerva Byrd, as shown above, was advertised for sale for delinquent taxes for the year 1958. However, the sale was made and a tax deed executed to Dantagnan, which purported to sell and convey to him the following land:
Excerpt from: List of lands sold for Taxes, Tax Sale Book 7, Page 75.
No. of Rect. 2165; Owner, Minerva Byrd; Name of Purchaser, A. G. Dan-tagnan; Valuation, 60; Description, Pt. 1 W-360 15-9-16; No. acres, 10. (Emphasis added.)
It is argued by Dantagnan that since it is immaterial whether the land was assessed to the correct owner or not, and “W-360” referred to a recorded deed, executed in 1897, which described the land conveyed in that deed as “10 acres in the Northeast corner of Lot Number One (1) in Fractional Section 15 * * that this warranted the tax collector and clerk in changing the description of the land sold and conveyed to appellee from that shown on the assessment roll to that set out above.
Appellee claims that, using as a “clue” the reference to the 1897 deed in “W-360”, the description in the tax sale and deed to him referred to “ten acres in the Northeast corner of Lot No. 1 in Fractional Section 15” and is sufficient under the rule that such a description will be construed to include the number of acres specified in the shape of a square in the Northeast corner of the designated subdivision. De-Lee v. Anderson, 216 Miss. 888, 63 So.2d 393 (1953); Woods v. Linder, 194 Miss. 226, 11 So.2d 900 (1943); Beasley v. Beasley, 177 Miss. 522, 171 So; 680 (1937); *391 and, Bowers v. Chambers, 53 Miss. 259 (1876).
The rule followed in these cases is an arbitrary rule of construction devised as a means to give certainty to that which is uncertain in order to sustain conveyances which otherwise would fail for inadequacy of description.
The cited cases all deal with descriptions of land in regular governmental subdivisions. In any event, in applying this rule to sustain such a description, the number of acres is one of the controlling factors.
The essential requirements of this type of description, which are necessary to sustain validity, are (1) a definite location of the tract with reference to a known, established and predetermined subdivision, in order that the recognized and identifiable lines of that subdivision may be used to form two of the boundaries of the tract, plus (2) a definite and specific statement of the number of acres to be included so that the remaining boundaries can be determined with certainty by mathematical calculation.
If it is assumed that Part 1 of Section 15 and Lot No. 1 in Fractional Section 15 refer to the same subdivision and that it is a subdivision meeting the first of the above requirements, nevertheless, the tax collector was not warranted in changing the other controlling factor of the description from seven acres to ten acres under the peculiar circumstances of this case. This amounted to a substantial departure from the description of the property assessed and advertised. The statement of the acreage here was not merely incidental. It was an essential feature of the description which was determinative of the boundaries of the tract. The statute makes provision for the use of extrinsic evidence in aid of description in certain cases involving tax sales, but this evidence may not be contradictory as to an essential element of the description as it appears upon the assessment roll, which will result in a material variance between the description of the land assessed and of that sold, or in substituting a description of substantially different property.
Appellee cites McNatt v. Flyman, 204 Miss. 824, 36 So.2d 161, 38 So.2d 107 (1948), in support of his argument to the effect that the act of the tax collector in departing from the assessment roll description in making the sale amounted to an “additional assessment” by him of 3 acres which had been omitted from the roll by the assessor, thus escaping taxation, and was authorized by Mississippi Code Annotated section 9901 (1952).
In McNatt, supra, the court held that the separate assessment by the tax collector of minerals, omitted from the roll of the assessor, and actually entered on the roll by the tax collector, and subsequent payment of taxes thereon by the owner, was a valid assessment under the statute. The court pointed out that the assessment roll in the hands of the collector is his sole authority for making sales of land for taxes. The procedure to be followed by the collector upon making additional assessments of property omitted from the roll by the assessor is set out in the statute. It is clear from the record that no attempt or pretence was made here by the collector to make an additional assessment under the statute.
No “clue” of any kind appears upon the roll to show the location within the ten-acre tract described in W-360 of the seven acres assessed to Minerva Byrd, and there is a total absence of anything at all upon the roll to locate or describe an additional three acres included by the collector in the sale.
Appellants show title by conveyance, and also introduced undisputed testimony of adverse possession for many years by themselves and their predecessors in title.
We conclude that the tax sale and deed to Dantagnan were void for the rea *392 sons indicated, and that appellants were entitled to have them canceled as clouds upon their title and to have their title confirmed as against Dantagnan.
Reversed and decree for appellants.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.