## RICHARD PRICE v. S. W. FERGUSON.

1. DEED. *Ambiguity. Evidence aliunde.*

   The following description in a deed does not present a patent ambiguity:
   " Ten acres in S. E. ¼ of N. E., ¼ sec. 33, same being all S. E. ¼, except the
   interest of Martin (17 acres) and Hunter (13 acres)." Evidence *aliunde* is
   admissible to apply it to the subject-matter. But such evidence must
   identify the particular land of both Martin and Hunter which is excepted,
   or else the deed fails.

2. EJECTMENT. *Tax-title. Right of minor to redeem. Tender.*

   Under § 531, code 1880, an infant whose land is sold for taxes may redeem at
   any time before the expiration of one year after majority. Tender of the
   amount due pending a trial in ejectment will preclude recovery from the
   infant upon the tax-title. Even after judgment, on a tender of the amount
   with costs, the court would refuse to dispossess the infant.

FROM the circuit court of Washington county.

HON. J. H. WYNN, Judge.

This was an action of ejectment brought by the appellee, Fergu-
son, May 27, 1887, to recover possession of ten acres of land. The
suit was based upon a tax-deed, executed March 2, 1885. The
appellant, Richard Price, a minor, about fourteen years of age, by
his guardian *ad litem*, was admitted to defend as owner of the land.
The record recites that by agreement the cause was submitted to
the court for trial without a jury, and that it was " agreed in open
court that the only thing to be decided was whether the tax-deed
under which the plaintiff claims was void for want of a proper
description, and it was then agreed that if the court should hold
that it was sufficiently certain, or could be made so, judgment
should be for the plaintiff; otherwise judgment should be for de-
fendant."

After the introduction of evidence, and during the trial, the
record further recites as follows: " The said defendant then asked
leave of the court to redeem the land demanded by plaintiff upon
his payment to said plaintiff the amount with interest allowed by
statute, which the court refused to allow. To which action of the
court, in refusing to allow the defendant to redeem, the defendant

then and there excepted and his exception was allowed. The court in rendering its decision stated that it based its decision upon the agreement made by the parties as to the certainty of said tax-deed under which plaintiff claimed, and the court held that said deed did not present a patent ambiguity, and that under the agreement judgment should be for plaintiff."

The other facts necessary to an understanding of the case are stated in the opinion of the court.

*Wilford H. Smith*, for appellant.

1. Plaintiff's deed is incurably uncertain and absolutely void. Extrinsic evidence cannot be. called in to aid it. *Bowers* v. *Andrews*, 52 Miss. 597; 13 S. & M. 317.

If the deed followed § 490, code 1880, it might be upheld; but it wholly fails to designate the ten acres. The words " *interest* of John Martin (seventeen acres)," do not fix the boundaries or location of any part of the land. They do not mean the land owned, claimed, or occupied by him. Such interest could only be ascertained and fixed by a decree of the chancery court in partition proceedings under § 2553, code 1880.

2. The deeds under which the land was divided are void for want of proper description. Besides, they cannot bind the defendant, who is an infant and incapable of assenting thereto. *Kilcrease* v. *Shelby*, 23 Miss. 161; *Cook* v. *Toumbs*, 36 Ib. 685; *Brantley* v. *Wolf*, 60 Ib. 420; *Wallace* v. *Latham*, 52 Ib. 291.

The outside evidence was incompetent and inadmissible, because there is nothing in the deed referring to such supplementary facts. Nor can occupancy be taken as proof of the real interest of the parties as alleged in plaintiff's deed. *Bowers* v. *Andrews*, 52 Miss. 597.

3. The rights of an infant are recognized as well at law as in chancery. The statute fails to provide in which court he shall redeem, and, therefore, he may elect. Code 1880, § 572.

*J. M. Jayne*, for appellee.

1. The description in the deed is sufficient under the common law and under the statute. It conveys all of a certain forty-acre tract except thirty acres belonging to or claimed by other parties.

The tax-deed referred to the land claimed by Martin and Hunter, and the extrinsic evidence, consisting of the partition deeds and the testimony of Ferguson, sufficiently identified the ten acres sold for taxes.

It is not claimed that the minor defendant was bound by the partition of the forty-acre tract that had been made, but the partition was proved simply for the purpose of identifying the land that was sold for taxes and demanded in this suit. The tax-deed presents no patent ambiguity, and the outside evidence was competent. *Bowers* v. *Andrews*, 52 Miss. 596; Code 1880, §§ 490, 491.

2. It is useless to discuss the offer to redeem, as that question was expressly eliminated by the agreement that the court should decide the case on the sufficiency of the description in the deed alone. Besides, a court of chancery is the proper forum for redemption, where there can be an accounting as to taxes, damages, improvements, etc., in order to fix the amount to be paid.

Upon the issue submitted and the evidence in the case, the judgment is correct.


COOPER, J., delivered the opinion of the court.

The court below properly admitted evidence *aliunde* the deed to apply the description of the land to its subject-matter. The deed conveyed " ten acres in S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section 33 T. 18 R. 7, same being all of S. E. $\frac{1}{4}$, except the interest of John Martin (seventeen acres), and interest of Thaddeus Hunter (thirteen acres)." The plaintiff proposed to prove that Hunter, Martin, and defendant had been tenants in common of the subdivision, and had made partition thereof among themselves.

If plaintiff had proved what he proposed to prove, the conveyance under which he claimed would have been made certain, and on this branch of the case he would have been entitled to recover. But the evidence, while competent, was wholly insufficient. The conveyance to Hunter properly described thirteen acres in the southern part of the subdivision; but the one introduced to show what land belonged to Martin described land, not in the subdivision of the *locus in quo*, but in the one adjoining it to the east. Nor

was it shown by the oral evidence what land Martin occupied and claimed.  The extent of such evidence was that after the division the parties occupied land in severalty, but how much and in what parts of the subdivision the occupancy of Martin and defendant extended is not suggested.

. But, aside from the defect of proof, the plaintiff should not have been permitted to recover, for the reason that pending the trial the defendant, who is an infant, offered to redeem from the plaintiff, and liberty so to do was refused by the court.

An infant whose lands have been sold for taxes is allowed by law to redeem from the sale at any time within one year after attaining majority.   Code, § 531.

A tender of the amount due the purchaser at tax sale put it out of his power to recover from the infant upon the title he holds, which is by express provision of law made subservient to the right of the infant owner to redeem.   It must be true that even after judgment in ejectment the infant could tender to the plaintiff the amount due (and costs of court), and that this being done the court would refuse the plaintiff the use of its process to dispossess the infant.   Otherwise the purchaser at tax sale would have it in his power to harass the infant without benefit to himself, and against the spirit of the law permitting redemption.   It would be a vain thing to render a judgment against the infant tendering redemption, which, when rendered, would be at once subject to be defeated by the redemption.

*The judgment is reversed and cause remanded.*