NANCY SMITH ET AL. *v.* OSCAR C. BROTHERS, JR.

MUNICIPALITIES. *Tax deeds. Ambiguity. Patent. Code* 1892, § 3817. *Code* 1892, § 3776.

A tax deed executed by the tax collector of the city of West Point containing a patent ambiguity in the description of the land sought to be conveyed is void, and:

(*a*) Is not helped by Code 1892, § 3817, providing that a tax deed shall not be invalidated except by proof that the land was not liable to sale or that the taxes had been paid before sale; nor

(*b*) Can the assessment roll aid such a description under Code 1892, § 3776, providing that parol evidence shall be admissible to apply a description of land in a tax deed where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony.

FROM the chancery court of Clay county.

HON. HENRY L. MULDROW, Chancellor.

Mrs. Smith and others, appellants, were complainants, and Brothers, Jr., the appellee, was defendant in the court below. From a decree in defendant's favor the complainants appealed to the supreme court. The object of the suit was to cancel a municipal tax deed, made by the tax collector of the city of West Point, which city is not governed by the code chapter on "Municipalities," but by a special legislative charter. Laws 1892, ch. 148, p. 426 *et seq.*

*A. F. Fox,* for appellants.

The deed here involved is clearly void under the decision of this court in *Bowers* v. *Andrews,* 52 Miss., 596.

*Critz & Kimbrough,* for appellee.

The description in the deed does not contain a patent ambiguity. *Kyle* v. *Rhodes,* 71 Miss., 488; *Eggleston* v. *Watson,* 53 Miss., 340; *Stewart* v. *Cage,* 59 Miss., 558. At best for appellant the ambiguity is a latent one, and this was fully explained by parol testimony. If the ambiguity be conceded to be a patent one (which we do not by any means concede), still it was perfectly competent, under Code 1892, § 3776, to explain it, as was done.

WHITFIELD, C. J., delivered the opinion of the court.

The description in the tax deed is as follows: "Home lot in lot 6, block 4, ward 1." There may have been several "home lots" in lot 6, and we think, under the authority of *Bowers.* v. *Andrews,* 52 Miss., 596, the description is plainly void for patent ambiguity. The deed must stand or fall by itself. The assessment roll cannot aid the description in the deed. The doctrine of *Bowers* v. *Andrews* is still the law, as a matter of course, notwithstanding sec. 3817 and like sections of the code of 1892. The fact that if the assessment roll furnishes some clew, which, if followed up by parol proof, would identify the land as described on the assessment roll, does not at all affect the other proposition announced in *Bowers* v. *Andrews*—that a description in a tax deed will be void if the ambiguity therein is patent.

*Reversed and remanded for decree in accordance with this opinion.*