STATE *v.* HARPER *et al.*

(In Banc.  Nov. 22, 1943.  Motion to Correct Decree Overruled Dec. 20, 1943.  Suggestion of Error Overruled Dec. 20, 1943.)

[15 So. (2d) 680.  No. 35457.]

(In Banc.  Dec. 20, 1943.)

[16 So. (2d) 29.  No. 35457.]

Greek L. Rice, Attorney General, by Jefferson Davis and W. B. Fontaine, Assistant Attorneys General, for appellant.

Ray, Spivey & Cain, of Canton, for appellee.

Green & Green, of Jackson, and J. S. Atkinson, of Shreveport, La., amici curiae.

590

594

Greek L. Rice, Attorney General, by Jefferson Davis and W. B. Fontaine, Assistant Attorneys General, for appellant, on motion to correct decree.

Argued orally by Jefferson Davis and W. B. Fontaine, for appellant, and by Garner Green, amici curiae.

**Griffith, J.**, delivered the opinion of the court.

On January 1, 1930, appellee Harper was the owner of the eighty acres of land involved in this case. Then, theretofore and at all times since, he has occupied it as his homestead. The taxes on it for the year 1930 were not paid; the land was sold to the state at a valid tax sale, and the period of redemption was allowed to expire.

Thereafter, and on May 20, 1936, appellee Harper filed with the Land Commissioner his application to purchase the eighty acres, and in the application he gave the facts truthfully as to the condition and value of the land. The value was fixed in the application at $650, which, according to the agreed statement of facts, was a fair and reasonable market value. On May 29, 1936, the Land Commissioner issued to appellee a forfeited tax land patent for the entire eighty acres for a recited consideration of $40, or fifty cents per acre; and, as shown by the Treasurer's receipt, this was all that was paid.

In answer to appellee's bill to confirm his said tax patent, the Attorney General contended that the patent was void because the consideration paid was so grossly inadequate as to amount to a donation, contrary to Section 95, Constitution of 1890, and he has cited State ex rel. v. Tate, 188 Miss. 865, 196 So. 755, and several other recent cases to the same effect. In response, appellee has contended that Section 95 of the Constitution has no application to an owner actually in possession and who has lost to the state the legal title through "some mistake, oversight or unintentional default."

We do not see that Section 95 of the Constitution has any place in this case. We may lay that section entirely aside, and, when so done, appellee's bill must fail because the patent was issued to him without statutory authority. It is fundamental in the law that the public lands of the state are not subject to disposal by any officer, whatever his appointment or station may be, except as fixed by valid statutory provisions. As to forfeited tax lands,

wherein the state's title is good, as is admitted to be the case here, the Land Commissioner could, at the date of the patent here in question, dispose of the same only as provided by Sections 4 and 24, chap. 174, Laws 1936. Under Section 4 it is plainly provided that no forfeited tax land patent shall issue to purchasers in general for less than $1 per acre unless it reasonably appears that the actual value of the land is not as much as $1 per acre; and under Section 24, as a requisite to a patent to the original owner, he must pay all accrued taxes, damages and costs. It is admitted in the agreed statement of facts that the accrued taxes on the land at the date of the patent were more than one hundred dollars, to say nothing of damages and costs, and, as already mentioned, the Land Commissioner had before him at the date of the patent, the application showing the value of the land to be largely in excess of $1 per acre. It follows, therefore, from the undisputed facts, which displace all presumptions, that the patent was issued without authority of law and was inoperative to convey the state's title.

Appellee tendered, or rather offered to pay, into court "such an additional amount as will constitute the reasonable and lawful consideration for said land," and now asks that his forfeited tax patent be confirmed upon the ascertainment of the required amount and upon its payment. These are matters which, except as to the power of review, the law has committed to the land department and not to the courts. The consideration required by law is to be paid in the amount, and in the manner, and to the officers, designated by statute—not to a judicial court. Such being the case, the dismissal of appellee's bill, now ordered, will be without prejudice to his privilege to pursue, and conform to, the statutory requirements by which he may procure another patent.

Reversed and bill dismissed.

ON MOTION TO CORRECT DECREE.

**Griffith, J.,** delivered the opinion of the court on motion to correct decree.

As disclosed by the original opinion in this case, appellee Harper prosecuted a bill to confirm his alleged forfeited tax patent. We held the patent invalid and dismissed the bill. The Attorney General now contends that the decree should be not merely of a dismissal of the bill, but that it should proceed further and affirmatively cancel the said invalid patent. No cross-bill was filed by the state asking any such affirmative relief; but the contention is that the relief, although affirmative, could be granted under Chapter 309, Laws 1940, and particularly under Section 3 thereof, without a cross-bill.

The matter of the pleading and practice in cases under the cited act is succinctly covered, so far as concerns the point now before us, in Section 2 thereof, and in the following words: ''And all of the pleadings in such cases shall be the same as in other cases in chancery, and the said cause shall be heard and determined as other cases in chancery.'' We must assume that the legislature knew, in the use of the quoted language, that in Bay v. Shrader, 50 Miss. 326, 331, the court had declared as follows: ''It has been more than once held in this court, that if the defendant seeks more than a defeat of the relief sought by the complainant on the mortgage, or other instruments, the foundation of his claim—such as a cancellation of it or them—so as to set them entirely aside, and thereby prevents the possibility of future annoyance therefrom, he can only obtain such relief by a cross bill.''

Motion overruled.