JEFFERSON *et al. v.* WALKER *et al.*

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled May 13, 1946.)

[24 So. (2d) 343. No. 35955.]

(In Banc. May 13, 1946.)

[26 So. (2d) 239. No. 35955.]

**Earl L. Wingo**, and **Hathorn & Hathorn**, all of Hatties-
burg, for appellants.

Philip Singley, Bernard Callender, and Hall & Hall, all of Columbia, for appellees.

Hall & Hall, of Columbia, for cross-appellants.

Earle L. Wingo and Hathorn & Hathorn, all of Hatties-
burg, for cross-appellees.

**Earle L. Wingo** and **Hathorn & Hathorn,** all of Hatties-burg, for appellants and cross-appellees, on suggestion of error.

714

Henry Mounger, Bernard Callender, Philip Singley, and Hall & Hall, all of Columbia, for appellees, on appellants' suggestion of error.

Satterfield, Ewing & Hedgepeth, Alexander & Alexander, Flowers, Brown & Hester, Watkins & Eager, and Butler & Snow, all of Jackson, amici curiae, in support of suggestion of error.

**Buchanan & Harper,** of Laurel, amicus curiae, in support of suggestion of error.

Argued orally by **F. C. Hathorn, Jr.**, for appellants, and by **Lee D. Hall**, for appellees.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

On June 1, 1931, the Tax Collector of Marion County sold to the State of Mississippi, for taxes thereon in default for 1930, certain lands in said county described on the assessment rolls as "E½ SW¼ and NW¼ SW¼, less 6A, Section 2, Township 2, Range 18." The lands were assessed to one Alex Jefferson, now deceased, intestate, and were not redeemed from the sale.

The state issued a forfeited tax land patent to W. E. Walker on October 3, 1939, and on June 5, 1943, Walker executed to the California Company an oil, gas and mineral lease. The case before us is a suit filed by Walker and the California Company, as complainants, in the Chancery Court of Marion County seeking the confirmation of the tax title to the above described one hundred and fourteen acres of land. The defendants were the

State of Mississippi, the heirs-at-law of said Alex Jefferson, deceased, and "all other persons having or claiming any legal or equitable interest in the lands in suit." The suit was brought under Chapter 309, Laws of 1940, Sections 1315 to 1322, inclusive, and Section 1314, all of the Code of 1942.

The state filed its formal answer, but the Jefferson heirs contested the suit, and filed an extensive answer in defense, which may be epitomized as a claim that the title of complainants is void. It is contended to be void because of an asserted patent ambiguity in the description of the land on the assessment roll and on the tax collector's list of lands sold to the state; because the tax collector failed to designate by accurate description the particular land he offered for sale, and struck off to the state; and since the title was void, complainants did not acquire title to any of the lands in suit under the three-year actual occupation statute, Section 716, Code 1942; and, in fact did not so occupy the land, and because Walker obtained his title by actual fraud on the state and defendants.

The case was heard by the chancery court on the pleadings and proof and a decree was rendered, holding therein that Walker went into possession of the lands described as the "East half (E½) of the Southwest Quarter (SW¼) of Section 2, Township 2 North, Range 18 West of St. Stephens Meridian, subject to an oil, gas and mineral lease thereon, and held by the complainant, the California Company," after obtaining a patent thereto on October 30, 1939, and had "visible, distinct, actual, notorious, continuous, and exclusive possession of said land for more than three years prior to the date of the filing of the suit." However, the final decree also adjudicated that the Northwest Quarter (NW¼) of Southwest Quarter (SW¼) less six acres is indefinite as to description, and the tax sale thereof to the state was void because of such uncertainty, and consequently the state's patent to Walker and his oil, gas and mineral lease

thereon to the California Company, were void as to said portion of the lands in suit. The decree specifically adjudged that Walker met all requirements of the law in his application for the patent, which was lawfully issued for a fair consideration, and no fraud was perpetrated. Title to the East Half of the Southwest Quarter was confirmed in complainants, but was cancelled as to the Northwest Quarter of the Southwest Quarter, less six acres.

The Jefferson heirs, defendants below, appealed from that part of the decree confirming title in complainants to the East Half of Southwest Quarter; and Walker and the California Company, complainants below, cross-appealed from that portion of said decree cancelling their title to the Northwest Quarter of the Southwest Quarter, less six acres.

The appellants, the Jefferson heirs, cite the cases of Bowers v. Andrews, 52 Miss. 596, and Smith v. Brothers, 86 Miss. 241, 38 So. 353, 354. The latter case contained this announcement by the Court: "The deed must stand or fall by itself. The assessment roll cannot aid the description in the deed. The doctrine of Bowers v. Andrews is still the law, as a matter of course, notwithstanding section 3817 and like sections of the Code of 1892. The fact that if the assessment roll furnishes some clew, which, if followed up by parol proof, would identify the land as described on the assessment roll, does not at all affect the other proposition announced in Bowers v. Andrews—that a description in a tax deed will be void if the ambiguity therein is patent." Therefore, appellants insist that the tax sale was void because the assessment description was not definite enough to identify the lands, and that the excepted six acres cannot, from the description itself, be allocated to a separate tract of the entire one hundred and fourteen acres any better than it can be to two of the separate tracts, or all of them, and that, therefore, the entire tax sale is void. The chancellor held that the six acre exception applied only to the last subdivision of the entire tract, and we think he was right.

We do not see that Carr v. Barton et al., 173 Miss. 662, 162 So. 172, interferes with the conclusion we have reached in this case. There the description was "north one-half of the northwest one-fourth, less one third acre to Mrs. Carr." In that case, this Court, referring to McQueen v. Bush, 76 Miss. 283, 24 So. 196, said a land description reading " '90 by 225 feet on the west side of Warrenton road, assessed to John Parkhurst, in section 34, township 16 N., range 3 E., in Warren county, [Mississippi],' conveyed no title, since the name of a person to whom land is assessed cannot be considered in aid of the description required, it not being descriptive of the land and furnishing no clue which, if followed, would identify the tract."

The record of the case at bar presents differences between it and Carr v. Barton. Here, every assessment in Section 2 was offered in evidence, and the assessment roll showed that the entire East Half of the Southwest Quarter of said section was assessed to Alex Jefferson, and no part of it assessed to anyone else. It also showed that the Northwest Quarter of the Southwest Quarter, less six acres, was assessed to him, and the other six acres were assessed to True Light School, and no part of said subdivision was assessed to anyone else. In support of this assessment to the True Light School District a chain of record title showed a deed from Henry Jefferson, father of Alex Jefferson, conveyed to the latter the East Half of SW¼ and the Northwest Quarter of Southwest Quarter of Section Two, Township Two, North, Range 18 West, "except a strip of land 66 yards wide to contain six acres of equal width cut off the North side of the NW¼ of SW¼, Section Two, Township Two, North, Range 18, West." Henry Jefferson conveyed, by identical description, to Olive Jefferson, a "strip of land sixty-six yards wide to contain six acres of equal width cut off of the North side of the NW¼ of SW¼ of Section 2 North, Township 18 West." She conveyed this six acres, by the same description, to Thornhill and Wilkes, who conveyed

it to the Trustees of the True Light School, to whom it was assessed when the land of Alex Jefferson's estate were sold to the state for delinquent taxes in 1931. It will thus be seen that the tax conveyance to the state contained a clue, which, traced through the assessment roles and the deeds of conveyances, ultimately led to a definite description of the excepted six acres. No such proof was made in the Carr v. Barton case.

Appellants objected to the introduction of the assessment roll and the deeds into the evidence, relying upon Bowers v. Andrews and Smith v. Brothers, supra, contending the ambiguity was patent and could not be eliminated by extrinsic evidence, and that no reference is made to any of these deeds on the assessment roll, and, hence, by the authority of Carr v. Barton, nothing appeared in the assessment to furnish a clue by which to identify the land. The statutes in aid of descriptions on the assessment roll at the time the land in suit was assessed and sold to the state on June 1, 1931, for 1930 taxes, were Sections 3149 and 3151, Code 1930, now sections 9773 and 9775, Code 1942. By Section 3151, Code 1930, Section 9775, Code 1942, it is provided that "parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony."

We held in Reed v. Heard, 97 Miss. 743, 53 So. 400, 402, that parol testimony would not be permitted "to supply a description where a totally void description appears on the assessment roll or tax deed; but such testimony may always be resorted to, whether the ambiguity is patent or latent, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony." Furthermore, the opinion in the Reed v. Heard case concluded as

follows: "The case of Smith v. Brothers is overruled, in so far as it conflicts with this decision."

The decision in the case of Reed v. Heard also disposed of Bowers v. Andrews, supra, by stating that it "is not the law of this state as to what shall constitute a sufficient description of land in an assessment, and has not been the law of this state since the adoption of section 491, Code 1880, which became section 3776, Code 1892, and section 4285, Code 1906. The above sections [of the Code] were adopted for the very purpose of abolishing the rule laid down in Bowers v. Andrews." Section 4285, Code 1906, became Section 3151, Code 1930, and is now Section 9775, Code 1942.

We held in Standard Drug Company v. Pierce, 111 Miss. 354, 71 So. 577, that a tax deed describing land as " 'south ½ of north ½, lot 5, block 113, Kamper & Whinnery No. 2,' Forrest county, Miss." was sufficient to make competent the assessment roll and parole testimony identifying the land as being in a certain city, and to identify the land assessed. See also Dodds v. Marx, 63 Miss. 443. In the case of Albritton v. Fairley, 116 Miss. 705, 77 So. 651, we said: "we think that the assessment and tax deed furnish the clue or reasonably definite starting point, which, when followed by the aid of other testimony, conducts certainly to the land intended, and oral testimony and documentary proof may be introduced for this purpose." There are other cases to the same effect as the ones cited here, but suffice it to say that in view of the statutes and authorities discussed, supra, in our opinion, the chancellor was correct in confirming title of appellees to the East Half of the Southwest Quarter, but incorrect in cancelling their title as to the Northwest Quarter of the Southwest Quarter, less six acres, of Section 21, Township 2 N., Range 18 W., of Marion County.

The appellants also argue that the tax sale was void because the tax collector failed to designate by accurate description the particular land to be offered for sale, and struck off to the state. They say it was impossible to

offer any particularly designated forty acre subdivision in view of the claimed patent ambiguity. We have disposed of the patent ambiguity above, and appellants offered no proof on the point. We do not think there is any merit in the contention.

Next it is argued by appellants that appellees did not acquire title to any of the land in suit under the three-year actual occupation statute, Section 716, Code 1942, to the effect that three years actual occupation under a tax title, after two years from the date of the tax sale of the land, bars suit. It is contended that the proof of Walker's occupation of the land was wholly insufficient to meet the requirements of the statute; and appellants cite decisions of this Court holding that statutes of limitation, except the ten year statute, do not run in favor of the holder of a tax deed void on its face. We have above held this tax deed was not void on its face. The proof as to occupation was sharply conflicting and the chancellor specifically held in favor of appellees on this conflicting testimony, and we will not disturb his holding thereon, since we cannot say it is manifestly wrong, or against the overwhelming weight of the testimony.

The fourth and last alleged error argued by appellants is that appellees were not entitled to a decree quieting and confirming their tax title to the extent granted them; or at all; (1) because the tax sale was void; and (2) because Walker obtained his patent by actual fraud on the state and them.

This suit as already stated, was filed under a comparatively recent statute, Chapter 309, Laws of 1940, becoming Section 1315 to 1322, Code of 1942. Section 3 of the Act, now Section 1317 of the 1942 Code, provides that "Upon the hearing of such cases it shall be the duty of the chancery court to enter a decree validating and perfecting the title of said land from the state of Mississippi, unless it shall appear to the court and the court shall find as a fact that the state has not acquired title to said land by virtue of said tax sale, or that the title to the said

land involved in the suit was divested out of state of Mississippi without payment of purchase price or by reason of actual fraud on the part of the patentee, or his representatives,'' etc. Appellants charge that the fraud consisted of deliberate misrepresentation by Walker of the value of the one hundred and fourteen acres involved, for which he paid $114, and the improvements thereon. The valuation of the land, of course, was determinable as of the date of the patent, 1939, and not as of the date of the trial.

On this phase of the controversy there was also sharply conflicting testimony. It is argued that the consideration was grossly inadequate, which cannot be allowed, citing Slay v. Lowery, 152 Miss. 356, 119 So. 819, and State v. Harper et al., 195 Miss. 580, 15 So. (2d) 680, 16 So. (2d) 29, as to Walker's alleged fraud. As to the California Company, appellants concede it was not guilty of fraud itself but say it had notice of Walker's fraud when it bought its lease and is bound by it. That is true, as we held in State ex rel. McCullen, Land Commissioner, et al. v. Adams, 185 Miss. 606, 188 So. 551, provided Walker was guilty of actual fraud under the statute. On the conflicting evidence offered by the opposing sides in this controversy, the chancellor held ''that in making said application for the Patent, W. E. Walker met all the requirements of law in his application to purchase said land, and that all the requirements of law were met in the issuance of said Patent, and that the Patent was issued for a fair consideration; that no fraud was perpetrated upon the State of Mississippi by the said W. E. Walker, Patentee, or by anyone whatsoever in reference to said application and Patent.'' It does not appear to us that the chancellor was manifestly wrong as to his findings of fact, or that such finding was against the great overwhelming weight of the evidence, and so we do not disagree therewith. We have already held that the assessment, tax deed, and patent were not void, by what we have said, supra.

The case will, therefore, be affirmed on direct appeal. But since we consider the chancellor committed error by cancelling the title of cross appellants to Northwest Quarter of Southwest Quarter, Section 2, Township 2 North, Range 18 West, of Marion County, Mississippi, less 6 acres, we are constrained to reverse the case on cross-appeal, which we do. A decree will be entered here, accordingly, also confirming the title of W. E. Walker to said Northwest Quarter of Southwest Quarter, less six acres of above Section, Township and Range, subject to his oil, gas and mineral lease to the California Company.

Affirmed on direct appeal. Reversed on cross-appeal and decree here for cross-appellants.

On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

The suggestion of error herein is directed solely to that part of the former opinion which holds that the assessment to Alex Jefferson of the "NW¼ of SW¼ less 6 A," found in his assessment of "E½ of SW¼ & NW¼ of SW¼ less 6 A, Section 2, Township 2, Range 18, 114 acres," in Marion County, could be applied to a particular tract of land in the NW¼ of SW¼ by the aid of parol testimony, under sections 3149 and 3151 of the Code of 1930, Sections 9773 and 9775, Code 1942.

In view of the fact that the case of Brown v. Womack, 181 Miss. 66, 178 So. 785, not cited in the original briefs herein, has been called to our attention as being in conflict with the former opinion in the instant case, and in view of the further fact that the cases of Carr v. Barton, 173 Miss. 662, 162 So. 172, Hatchett v. Thompson, 174 Miss. 502, 165 So. 110, and cases therein cited, are again emphasized, with some degree of apparent plausibility, as being also in conflict with what we have held in the

present case, and finally, in view of the ever-changing policy through the years in the State Land Office, the records of which the briefs of counsel have invited us to examine, as to the cancellation of tax sales to the state, when made under such a description as that here involved—a policy which has been based upon the opinions from the office of the Attorney General rendered in an effort to correctly interpret the former decisions of this Court, which seemingly disclose from time to time a conflict, one with the other, either real or apparent, when the ambiguity on the assessment roll, or in the conveyances for taxes, is a patent ambiguity—we have concluded to reaffirm, as the law of this state, the rule announced in the cases of Reed v. Heard, 97 Miss. 743, 53 So. 400, and Albritton v. Fairley, 116 Miss. 705, 77 So. 651, to the effect that while the statutes hereinbefore mentioned do not permit parol testimony to aid a description where it is utterly void on the assessment roll or in a conveyance for taxes, nevertheless, as expressly stated in Reed v. Heard, and held in effect in Albritton v. Fairley, such testimony may always be resorted to whether the ambiguity is *patent* or *latent,* where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land *by the aid of such testimony.*

In the case of Reed v. Heard, supra [97 Miss. 743, 53 So. 402], the Court said that the case of "Bowers v. Andrews, 52 Miss. 596, is not the law of this state as to what shall constitute a sufficient description of land in an assessment, and has not been the law of this state since the adoption of Section 491, Code 1880, which became Section 3776, Code 1892, and Section 4285, Code 1906 (Sec. 3151, Code 1930, Sec. 9775, Code 1942). The above sections were adopted for the very purpose of abolishing the rule laid down in Bowers v. Andrews, supra."

The said case of Bowers v. Andrews had held that the deed of a tax collector who sells in invitum by virtue of the power conferred by law, must in itself be sufficient to

convey the thing sold. But if that were still true under the statutes involved, parol testimony would not be needed, nor would there be any need to follow a clue to ascertain what land was intended to be assessed and sold. Moreover, the Court, in the case of Reed v. Heard, supra, expressly overruled the case of Smith v. Brothers, 86 Miss. 241, 38 So. 353, which had held that the assessment roll cannot aid the description in a tax sale when it contains a patent ambiguity, in so far as the case was in conflict with the decision then being rendered, and Smith v. Brothers was in conflict therewith only to the extent that it had so held.

The distinction between a patent ambiguity in an assessment, which can be aided by the foregoing statutes, and an utterly void assessment, which cannot be aided by parol testimony, should be kept in mind when applying them, since a patent ambiguity may appear in either of such assessments. A description on an assessment roll, or in a conveyance for taxes, may contain an ambiguity, whether patent or latent, which can be made certain by parol testimony; whereas, an utterly void assessment, such as ''part of'' a given tract or division, without the number of acres being given or any other clue on that or any other line of the assessment roll of the land in the tract or division under consideration, cannot be aided by parol.

It has been uniformly held that an assessment which reads, ''a part of,'' or ''six acres in'' a known tract or division is an utterly void description, except in a case where the quantity is given, and, as in Reed v. Heard and Albritton v. Fairley, the other lines of the assessment roll of the land in the same tract or division, or the particular assessment, furnishes a clue which, when aided by parol testimony, will make the description certain. The cases so holding are those of Meyerkort v. Warrington (Miss.), 19 So. (2d) 433, 434; Id., 198 Miss. 29, 20 So. (2d) 708, describing the land as ''Pt. Sec. 28, Tp. 12 R. 3 E., 5 acres,'' and ''Pt. Sec. 29, Tp. 12, R. 12 E., 100 acres,'' and

"Pt. Sec. 30, Tp. 12, R. 12 E., 29 acres;" McQueen v. Bush, 76 Miss. 283, 24 So. 196, describing the land as "90 by 225 feet on the west side of Warrenton Road, assessed to John Parkhurst"; Wilson v. Wilson, 97 Miss. 423, 52 So. 353, describing the land as the "NE½" of a given section, township and range; Nelson v. Abernathy, 74 Miss. 164, 21 So. 150, 151, describing the land as "37 acres in the N½ of Sec. 1 T. 13, R. 4;" Ransom v. Young, 176 Miss. 194, 168 So. 473, 474, describing the land as "Part of Deerpark, 120 acres," where Deerpark was shown to consist of five tracts, one containing 38 acres, one containing 138 acres, one containing 160 acres, one containing 86 acres, and the other containing 127 acres; and other similar cases.

The sales of land to the state described as in the foregoing paragraph have, without exception, been stricken from the records in the Land Office as indefinite, uncertain and void, on the approval of the Attorney General, in construing the decisions of this Court in that behalf. In other words, the policy of striking from the records in the office of the State Land Commissioner the tax sales because of uncertainty and indefiniteness in the description has vacillated only as to those sales where the land is described by a known tract or division, "less" a given number of acres therein.

In the case of McAllister v. Honea, 71 Miss. 256, 14 So. 264, the description in a deed between private individuals read, "North half, less six acres, of Section 14, Township 14, Range 6 East in Monroe County, Mississippi," and the Court held that, "The ambiguity of the description relates not to the land conveyed, but to the six acres. . . . The exception, and not the deed as to the lands in Section 14, was void for uncertainty in the description of its subject-matter."

While the Court in that case was dealing with a description in a conveyance between individuals, as aforesaid, the point decided was that the ambiguity of the description of land excepted from a conveyance did not

make the conveyance void for uncertainty, even though the Court observed that the conveyance should be construed against the grantor in a deed between individuals. The inquiry here is whether or not, in view of the many liberal provisions of our taxing statutes in favor of the property owner in regard to the assessment and sale of his land for taxes, it would be a denial of due process to apply the provisions of Sec. 3151, Code 1930, Sec. 9775, Code 1942, and to hold that the assessment against Alex Jefferson of the NW¼ of SW¼ less 6 acres, of given section, township and range has the effect of assessing him with all the land that he owned in that 40, placing upon the purchaser at the tax sale the burden of showing, and giving him the right to show, by parol testimony, what land was intended to be assessed and sold; that is to say, whether or not such an assessment is utterly void, in the light of the decisions herein discussed.

The pertinent provision of Sec. 3149, Code 1930, Sec. 9773, Code 1942, is that land may be assessed, "by any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended." And the provisions of Sec. 3151, Code 1930, Sec. 9775, Code 1942, to be considered in discussing our former decisions, are those which read as follows: "When part of a known tract or division of land is assessed by a description which identifies it, any other part of it which is assessed but not so identified, shall be held to embrace all of such tract or division not included in the part identified; and parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony." And any apparent confusion that exists in the cases is due either to the fact that such of these two provisions as were applicable were not taken into account in a particular case, or the litigant who was

relying upon the tax sale had depended at the trial upon the sufficiency of the description on its face, without resorting to the introduction of such parol testimony as may have been available to him under the statute in question.

In the case of Reed v. Heard, supra, the description involved in the tax sale was one where the assessment was to "Unknown" of "40 acres in the W.½ of N.W.¼, section 24, township 25, range 2 W.," and it was held permissible to introduce a different line on the assessment roll showing that W. D. Buford was assessed with, "40 acres in the W½ of N.W.¼ Sec. 24, T. 25, 2 W., west of the bayou," and to show by oral testimony that he owned and paid taxes on the same, and *that there was only 40 acres lying west of the bayou*—a fact that did not appear on the assessment roll; that this assessment to Buford and the parol testimony was admissible to apply the description, "40 acres in the W½ of NW¼," assessed to "Unknown," since the said assessment to Buford by the aid of the parol testimony in regard thereto, made it certain that the remaining 40 acres assessed to "Unknown" was the land assessed and sold for taxes. The Court therefore held, as expressly stated in its opinion that the case fell within the last provision contained in those clauses of Sec. 3151, Code 1930, Sec. 9775, Code 1942, hereinbefore quoted. And it is obvious that the description on the line of the assessment to "Unknown," as being "40 acres in W½ of NW¼," which was conveyed to Reed by the tax collector, contained a patent ambiguity.

In the case of Brown v. Womack, supra, the appellee, Charlotte Womack, was the owner of the N½ of Sec. 9, T. 12, R. 7 W., in Sharkey County. The assessment on the roll appeared, "To whom assessed, Charlotte Womack; when sold, August 3rd, 1931; description of land, in Sec. 9, Tp. 12, Range 7; number of acres, 315." [181 Miss. 66, 178 So. 786.] The appellant, Brown in that case obtained a patent from the state for the "north half of the north half" of the said section, township and range,

and undertook to uphold by parol testimony his title from the state under a patent by introducing three other lines of the assessment roll, showing definite and legal descriptions of as many separate parcels of land in that section, township and range assessed to Lakye, Harris, and Cartwright, respectively, which together comprised the entire South ½ of the said section, township and range, and that a survey would show the North ½ of the section to contain only 315 acres. The trial court held that such parol testimony was inadmissible, and the ruling in that behalf was upheld by this Court on appeal.

It is conceded, however, by counsel in the case at bar that the description on the assessment roll to Charlotte Womack would have meant the same thing if it had read, 315 acres in Sec. 9, T. 12, R. 7 W.; that a description thus appearing on the roll would have been void, and that on such theory the decision in that case could be upheld as correct. The concession as to the correctness of that decision, however, seems to overlook the failure of the Court to take into consideration, if the point had been emphasized in that case, the provision of the statute here under consideration, which reads, ''When part of a known tract or division of land is assessed by a description which identifies it, any other part of it which is assessed but not so identified, shall be held to embrace all of such tract or division not included in the part identified; . . . ''

The court in that case had before it ''a known tract or division of land.'' That is to say, Sec. 9, T. 12, R. 7 W., just as the trial court had before it in the case at bar a known tract or division described as NW¼ of SW¼ of Sec. 2, T. 2, R. 18 W; but in the instant case neither the description ''NW¼ SW¼ less 6 A.'' in the said section, township and range, assessed to Alex Jefferson, nor the other line of the assessment to the True Light School, as ''6 A. NW¼ of SW¼'', was sufficient to identify the location of the part assessed to the respective owners.

Hence, it will be necessary to determine, in the present case, the question of whether or not the last clause of the

statute hereinbefore quoted can be applied to uphold the validity of the assessment to Alex Jefferson of the "NW¼ of SW¼ less 6 A.," and which concluding clause, as aforesaid, reads as follows; "And parol testimony shall always be admissible to apply the description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony." And it may be conceded that there is not "enough in the description on the roll or conveyance to be applied to a particular tract of land," but the question is whether there is enough "by the aid of such testimony." The decision in the case of Brown v. Womack, supra, seemed to turn upon the fact (1) that there was a patent ambiguity in the assessment to Charlotte Womack, and it ignored that "when part of a known tract or division of land is assessed by a description which identifies it, any other part of it which is assessed but not so identified, shall be held to embrace all of such tract or division not included in the part identified," and (2) upon the fact that there was no clue in the particular assessment to enable the court to apply the description to a particular tract of land by the aid of parol evidence. And the decision seems to have also overlooked the fact that it had been held in Reed v. Heard, supra, that, "such testimony may always be resorted to, whether the ambiguity is patent or latent, where such testimony will show what land was assessed and sold," provided there is enough in the description on the roll or conveyance to be applied to a particular tract of land *by the aid of such testimony.*

In the case of Carr v. Barton, 173 Miss. 662, 162 So. 172, 173, the Court discussed only Sec. 4149, Code 1930, Sec. 9773, Code 1942, as to whether or not the description there involved was sufficient to "furnish a sure guide for the ascertainment by parol evidence of the particular land intended," within the meaning of that statute, and

no mention was made in the opinion of Sec. 3151 of the Code of 1930, Sec. 9775, Code 1942. Moreover, in that case the description involved on the appeal as the "N½ of NW¼ less 1/3 acre to Mrs. Carr," first appeared in that form when the tax collector sold the same and executed a tax deed accordingly under such description, after the assessment roll had definitely described the entire 80 acres, as disclosed by the original appeal record here on file in that case. The purchaser at the tax sale in that case relied upon the description in the tax deed as written, and without resorting to parol testimony to show where the "1/3 acre to Mrs. Carr," described in the tax deed, but not mentioned on the assessment roll, was located in the 80 acre tract. There were three descriptions involved in that case, in two of which the lands were not definitely described on the assessment roll. Nor was there any attempt made to offer other lines of the assessment as to the subdivisions involved which may have identified the land intended to be assessed and sold, and much of what is said in the opinion in that case has reference to what the assessment roll did or did not disclose as to the particular assessments in question, other than that tract or division in which Mrs. Carr claimed 1/3 of an acre under the tax deed. As observed in the opinion in that case, the trial court heard testimony, including the introduction of deeds and maps, but as heretofore stated, the original record of the case shows that the assessment did not mention Mrs. Carr as owning the excepted 1/3 acre from the N½ of NW¼, and which 80 acres was assessed to Barton in its entirety; and although Mrs. Carr testified that she owned 1/3 of an acre therein, she did not offer any deed showing such ownership, or otherwise apply the exception in the tax deed to what she may have claimed. Hence, the decision of the Court here was controlled by the facts of that particular case.

Likewise, in the case of Hatchett v. Thompson, 174 Miss. 502, 165 So. 110, 113, the complainant sought to confirm his title to the "W½ of SW¼ less 10 acres Sec. 10,

T. 15, R. 4—70 A.", in Clay County, by merely introducing a *tax deed* in his favor from the Chancery Clerk, after it had been agreed in the record at the trial that, "the tax sale was valid in every way." The assessment roll was not introduced, and no parol testimony was offered, according to the original appeal record on file here. The complainant having relied upon the sufficiency of the description within itself, as it appeared in the tax deed, the same was held not to be sufficient, because, "No surveyor could take the description in the deed and from it *alone* locate the property assessed." (Italics ours.) But the court further said that, "if there was an assessment on the whole 80 acres, a certain number of acres could have been excepted therefrom, but in the case at bar the assessment was not for the whole 80 acres, but only for 70 acres within an 80-acre description, and this 70 acres cannot be located with legal certainty." In the case at bar there *was* an assessment of the whole 40 acres, and a certain number of acres was excepted therefrom.

It will also be observed that in the case of Hatchett v. Thompson, supra, the Court dealt with the description as if it had read on the *assessment roll*, "70 acres in the W½ of SW¼," whereas the assessment was not introduced at all, and the description in the tax deed relied upon read, W½ SW¼ less 10 A. Sec. 10. T. 15, R. 4—70 A." and was therefore similar to the assessment in the instant case reading, "E½ SW¼ & NW¼ SW¼ less 6 A. Sec. 2, Township 2, Range 18, 114 A."

The Court did not hold, however, that parol testimony was inadmissible to determine the location of the excepted 10 acres and no reference was made in the opinion to Sec. 3151, Code 1930, Sec. 9775, Code 1942, but said in effect that if the description had read W½ of SW¼ less 10 acres, as it in fact did read, it would have been an assessment of the whole 80 acres, with 10 acres excepted therefrom, and held, in effect, that the description, if it had so read, would not have been void.

The former opinion in the case at bar points out what parol testimony was introduced, and which showed what land was assessed and sold; and we held in effect that there was enough in the description on the roll, considering the words "less 6 acres" as the clue, to be applied in determining what particular tract of land was intended to be assessed to Alex Jefferson, by the aid of such testimony; and we held in effect that the description was not utterly void, and this was true in view of what was said in McAllister v. Honea, supra; Beasley v. Beasley, 177 Miss. 522, 171 So. 680, not cited in the former opinion, and also in view of what was said in the case of Hatchett v. Thompson, supra, with reference to an assessment of the whole 80 acres, with a certain number of acres excepted therefrom.

In the case of Price v. Ferguson, 66 Miss. 404, 6 So. 210, the Court said that, "The court below properly admitted evidence aliunde the (tax) deed to apply the description of the land to its subject-matter. The deed conveyed '10 acres in SE¼ of NE¼ of Section 33, T. 18. R. 7, same being all of SE¼ (thereof) except the interest of John Martin (17 acres) and interest of Thaddeus Hunter (13 acres).' " Here, however, the description in the tax deed furnished the clue within itself as to who owned the remainder of the 40 acre tract, and it was held permissible to show by parol testimony the location of the tracts owned by Martin and Hunter, respectively, if their deeds had sufficiently described the same. But it is urged in the case at bar that under the authority of Carr v. Barton, Brown v. Womack, and other decisions of this Court, we cannot look to the name of "True Light School" under the caption, "To whom assessed," to see who owns the other six acres in the NW¼ of SW¼, even though the True Light School is assessed on the roll with "6 A. in NW¼ of SW¼." And be that as it may, there seems to be no good reason why one may not take the description in the assessment to Alex Jefferson of "NW¼ of SW¼ less 6 A." in Sec. 2, T. 2, R. 18 W., and by using

the "less 6 A." as the clue, find from the deed records who owns the other 6 acres in the subdivision under a description identifying its location definitely. The parol testimony authorized by the statutes in question, when admissible at all, is not confined to the assessment roll, and such testimony is always admissible where the whole tract or division is assessed, with an exception of a given number of acres therefrom which can be applied to a given tract of land by the aid of parol testimony, and also under such facts as were disclosed in the cases of Reed v. Heard, and Albritton v. Fairley, supra.

In the case of Miller v. Fulliwiley, 192 Miss. 846, 7 So. (2d) 799, the assessment to Fulliwiley was for the "E½ of SW & NW¼ of SE and E½ of NW of SW," giving the number of acres, but without giving the section, township and range. But by referring to the top line of the segregated assessments in which Fulliwiley's assessment was found and which top line is that to Jno. C. Clark which gives the section, township and range, the description in the assessment to Fulliwiley was held to be sufficient. That decision is authority for the proposition that the clue does not have to appear in the particular line of the assessment involved, as was likewise held in effect by the cases of Reed v. Heard and Albritton v. Fairley, supra. And in the Fulliwiley case the Court said that "Certainty beyond all doubt is not required of descriptions in assessment rolls. A description reasonably certain either within itself or which by the aid of pertinent statutes can be made reasonably certain is all that is required, so far as the description is concerned."

Moreover, it was said in the case of Illinois C. R. Co. v. Le Blanc, 74 Miss. 650, 21 So. 760, 761, where the land was described as "fractional 38 acres in said S.E.¼ of N.W.¼, assessed to J. J. Carter," that it was permissible, under the authority of Dodds v. Marx, 63 Miss. 443, *to introduce a deed* from an individual for two acres to another person, and also the assessment roll, assessing to

such other person, "2 a. in west side of S.E.¼ of N.W. ¼," since the description of the two acres was a legal description, mentioning 2 acres on the west side or off of the west side of the 40, the court having applied that provision of Sec. 3151, Code 1930, Sec. 9775, Code 1942, to the effect that, "When part of a known tract or division of land is assessed by description which identifies it, any other part of it which is assessed but not so identified, shall be held to embrace all of such tract or division not included in the part identified."

Finally, let it be reaffirmed that the case of Albritton v. Fairley, 116 Miss. 705, 77 So. 651, is directly in point to sustain the former opinion in the instant case, where it appears that the assessment to Mrs. Fairley read, one lot "50 feet on east half of lots 7 to 12, block 100, section 4, T. 8, R. 11, City of Gulfport," and where the tax deed likewise described the land, and the record showed that said lots 7 to 12 are 160 feet long, running east and west, showing that the east half would necessarily designate the east 80 feet of these lots, and where neither the assessment roll nor the tax deed disclosed whether the 50 feet was on the east or west end of the 80-foot tract, and the Court held that the assessment and tax deed furnished the clue, or reasonably definite starting point, which, when followed by the aid of other testimony, conducted certainly to the land intended, and that oral testimony and documentary proof could be introduced for this purpose. In that case the appellant, Albritton, offered to show by deeds of record that Mrs. Fairley was the separate owner of the 50 feet on the east end of the east half of said lots 7 to 12 when it was assessed; that Mr. Stepich owned the other 30 feet in this 80-foot tract; and that Mr. Smith owned the other 80 feet comprising the west end of lots 7 to 12. The Chancellor excluded this testimony as being incompetent. The Court here recognized that the description was ambiguous and uncertain, but held that it was sufficiently definite to come within Sec. 4285, Code 1906, Sec. 3151, Code 1930, Sec.

9775, Code 1942, permitting parol testimony in aid of the ambiguous description citing the cases of Dodds v. Marx, supra, and Wheeler v. Lynch, 89 Miss. 157, 42 So. 538.

In the instant case, although not permitted, under the rule announced in Carr v. Barton and Brown v. Womack, supra, and other cases therein cited, to look to the name of True Light School in the column, "To whom assessed," in regard to the "6 A. NW¼ SW¼", which was assessed to it, Walker was entitled to show, and did show, by the introduction of recorded deeds, that the True Light School owned "a strip of land 66 yards wide to contain 6 acres of equal width cut off the north side of the NW¼ of SW¼, Sec. 2, T. 2 R. 18 W", and that the deed records disclosed that Alex Jefferson owned, at the time of the assessment and sale of the land, all of the 40-acre tract other than that described in the deed to the True Light School; and that the assessment roll further disclosed that no part of the NW¼ of the SW¼ of the said section, township and range was assessed to any one else. This proof had the effect of establishing to a moral certainty what land was assessed and sold as belonging to Alex Jefferson; that he necessarily knew exactly what 6 acres of the 40 had been conveyed away, and what land therein he was intended to be assessed with, as affording to him due process of law after due notice of the assessment against him; that any one interested in bidding on said land at the tax sale was furnished by the assessment roll on the 40 acres such information as, when followed up, would lead to the ascertainment of the particular tract of land to be offered for sale as the property of Alex Jefferson; that is to say, there was enough in the description on the roll, "NW¼ of SW¼ less 6 A.", plus the additional assessment of "6 A. in NW¼ of SW¼"— even though one must close his eyes to the fact that the latter description followed the name of True Light School under the caption, "To whom assessed"—to be applied to a particular tract of land in the 40-acre tract by the aid of parol testimony, which is all that the law requires.

The length of this opinion can be justified, if at all, on the ground that several hundred pages of briefs have been submitted by counsel of record and counsel amici curiae on the suggestion of error herein, citing practically all of the previous decisions of this Court as to the sufficiency or insufficiency of descriptions of land involved in tax sales, and on the ground of the importance of the question under consideration.

The appellee and cross-appellant, Walker, was entitled to a decree confirming his title to the NW¼ of the SW¼ less the six acres particularly described in the deed to the True Light School.

The suggestion of error must, therefore, be overruled.

Suggestion of error overruled.