SMITH, Justice:
A bill seeking confirmation of his tax title to two acres of land was filed by Billy E. Harris against appellant, R. T. Wilson, and others, in the Chancery Court of Clarke County. Harris alleged that the land had been conveyed to him as purchaser at the sale thereof for delinquent ad va-lorem taxes assessed against it, the time allowed by law for redemption having expired. The bill contained a detailed de-raignment of title from the original grant by the United States into himself as grantee in the tax deed.
Appellant Wilson answered, claiming to be the owner of the land, and filed a cross-bill to remove clouds from his title and to cancel the tax sale as having been void.
*202 It is conceded that at the time of sale, the taxes had not been paid, were delinquent, the land was timely sold, and that no effort to pay the taxes was made until after the redemption period had expired.
The record and briefs make it clear that appellant Wilson relies upon the proposition that the description appearing on the assessment roll, and employed in the advertisement, sale and tax deed, is so indefinite, ambiguous and vague as to be utterly void and supplies no “clue” from which the specific land may be located or from which a valid description can be obtained with reasonable certainty.
The land in question lies in the Southwest Quarter of Section 31, Township 3, Range 16 East. It was assessed upon the roll as set out: “2 A. in W. central pt. NEJ4 SW44” Rena Wilson Est., owner.
The entire SWJ4 of Section 31 was assessed, the remaining assessments being as follows: “Wi4 SW14 & NE14 SW-i/i less 2 A heretofore sold & SE^ SWj4 less 1 A in SE cor being 70 yds Sq” International Paper Company, owner; “1 A in SE cor SE14 SW14 des DB 33 Page 191” Alice Keeton, owner.
The assessment roll description of the land in question as “2 A in W central pt NEJ4 SW!4” of Section 31, standing alone, obviously would be void for uncertainty, and the tax title sought to be confirmed must fail unless, aided by the other “lines” of the roll showing the assessment of the remaining acreage in the quarter-section, a “clue” is supplied which leads, with reasonable certainty, when considered with evidence aliunde the roll, to the identification and location of the particular two acres and to a valid description of it.
Taken together, the three assessments of land in the SWJ4 of Section 31, which appeared on the roll, showed the assessment of the entire 160 acres of the quarter-section. The whole quarter-section is assessed to International Paper Company as owner, with two small exceptions only. One of these exceptions is sufficiently described on the roll as “1 A SE cor SE14 SW44 des DB 33 Page 191.” The remaining two acre exception is referred to in the description of the land assessed to International Paper Company in the SWj4 of Section 31 as “2 A heretofore sold.” It is clear, therefore, that the only land in the SW14 of Section 31, other than described in the International Paper Company and Alice Keeton assessments, is the remaining two acres which is the subject of the present litigation. Therefore, the assessment of “2 A in W Central pt NE}4 SWJ4” of Section 31 may reasonably be assumed to refer to that two acres. The only land in the quarter-section not accounted for by the International Paper Company and Alice Keeton assessments and subject to separate assessment and ownership is the two acre tract assessed to Rena Wilson Estate. The trial court held that this assessment, taken in connection with the assessment of all of the other lands in the quarter-section, afforded a sufficient “clue” to permit the introduction of extrinsic evidence to identify it and to provide an adequate or legally sufficient description of it.
The extrinsic evidence introduced included conveyances appearing upon the county land records which made it apparent that the Rena Wilson Estate land is the same two acre tract excepted from the land owned by International Paper Company. By these instruments it was shown that the only acreage in the quarter-section not owned by International Paper Company and which was the subject of separate ownership, (other than the one acre tract adequately described upon the assessment roll) was two acres which had, during her lifetime, belonged to Rena Wilson, deceased, the mother of appellant, R. T. Wilson, through whom he claims. The deed to Rena Wilson was introduced and showed that she had acquired title to property in Clarke County described in her deed as: “Two (2) acres in the west central part of *203 NE¡4 of SW-J4, °f Section 31, Township 3, Range 16 East, being the Sam Trotter, Junior house and lot.” It was then shown that the “Sam Trotter, Junior house and lot” was the land described in the conveyance by which Trotter had acquired it as follows:
Beginning at the Northwest corner of the Northeast Quarter (NE 1-4) of the Southwest quarter (SW 1-4) of Sec. 31, Tp. 3, Range 16 E. and running thence South on subdivision line 170 yards to a point, thence East 70 yards to a point; thence South 140 yards to a point; thence West 70 yards to subdivision line, and thence North on subdivision line 140 yards, being 2 acres in the Western central part of the Northeast quarter (NE 1-4) of Southwest quarter (SW 1-4) of Section 31, Tp. 3, Range 16 East.
In Jefferson v. Walker, 199 Miss. 705, 24 So.2d 343 (1946) this Court had occasion to pass upon the sufficiency of a land description in connection with a tax sale. Following a decision of the case, a suggestion of error was filed, and was overruled by this Court in an opinion reported in 199 Miss. 705, 26 So.2d 239 (1946). In the latter opinion, the Court reviewed a great many earlier cases decided by the Court which had involved the same or similar challenges to descriptions of land sold for taxes as having been uncertain or ambiguous.- Each of these cases was subjected to a brief but careful analysis. We think the opinion on suggestion of error in Jefferson v. Walker, supra, makes it abundantly clear that there has evolved from the cases decided by this Court 'on the subject, a definite rule or guide to be employed in the resolution of questions involved in tax sales where it is contended that the description is ambiguous or uncertain. In such cases, it is proper to receive extrinsic evidence in aid of the description •where the assessment roll description itself, or that description coupled with the other lines of the roll showing the assessment of the remainder of a known and identifiable subdivision may provide a sufficient “clue" which, aided by extrinsic evidence and followed up, logically and with reasonable certainty, leads to the identification and to an accurate description of the land. No other conclusion can be gathered from the exhaustive examination and discussion of the cases contained in the opinion of this Court delivered in overruling the suggestion of error in Jefferson v. Walker, supra. Moreover, we think that this conclusion is consistent with the legislative purpose expressed in Mississippi Code 1942 Annotated section 9775 (1956), which provides for the admission of extrinsic evidence in cases of this kind where the description is ambiguous.
In view of the assessment of all of the land in this quarter-section, as set forth above, and of the fact that the ambiguity extended only to the assessment of the two acres here involved, the chancellor properly held that the roll did provide a “clue” and did not err in admitting evidence in aid of the description. On the basis of the “clue” provided by a consideration of all of the “lines” whereby the entire SWj4 of Section 31 was assessed, aided by the extrinsic evidence, it is clear that the chancellor was correct in holding that the land had been identified and located with reasonable certainty and that an accurate description of it had been established.
The decree appealed from is affirmed.
Affirmed.
GILLESPIE, C. J., and BRADY, PATTERSON and SUGG, JJ., concur.